**James Steven HOGG, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

**No. 18745.**

United States Court of Appeals
Sixth Circuit.

May 28, 1969.

Richard M. Roberts, Atty., Dept. of Justice, Washington, D. C., for appellant; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Stuart A. Smith, Attys., Dept. of Justice, Cline, U. S. Atty., Lexington, Ky., of counsel.

S. Russell Smith, Louisville, Ky., for appellee; Kirby A. Scott, M. K. Gilbert,

# 579

III, Louisville, Ky., on brief; Smith & Smith, Louisville, Ky., of counsel.

Before O'SULLIVAN, PHILLIPS and COMBS,* Circuit Judges.

PHILLIPS, Circuit Judge.

This appeal presents the question of whether the District Court had jurisdiction to strike the notice of appeal of the United States in a tax case on the ground that it was not properly authorized. The notice was filed by the United States Attorney, who was one of the attorneys of record, at the direction of an attorney in the Tax Division of the Department of Justice who claims that he had been delegated the power to authorize such filings. The District Court struck the notice of appeal on the ground that at the time of its filing the Solicitor General had not authorized an appeal.

The action of the District Court which gives rise to this appeal occurred in post-trial proceedings in a civil tax refund suit. The jury returned a verdict in favor of the taxpayer on August 2, 1967. A judgment was rendered directing a refund of income taxes plus interest. On September 14, 1967, the United States moved for a new trial and requested that the hearing on its motion be deferred until not less than 30 days after it received a copy of the transcript of the trial proceedings. On November 15, 1967, the District Court conducted a hearing on the motion for a new trial and overruled it, rejecting the Government's request that the hearing be postponed until a transcript of the trial proceedings became available.

A timely notice of appeal in proper form was filed on behalf of the United States on January 8, 1968. It is this notice of appeal, filed pursuant to Rule 73

on the Fed.R.Civ.P.,[1] which is the center of controversy on the present appeal.

A motion was made in the District Court for an extension of time for filing the record and docketing the appeal in this Court, on the ground that the trial transcript was not available from the court reporter and that, due to a backlog, the court reporter would not be able to complete the transcript until the spring of 1968.[2] The transcript was necessary, the Government alleged, because:

"In order for the Solicitor General to direct the filing of a record with the Sixth Circuit Court of Appeals, he must examine a transcript of the trial proceedings well in advance of the deadline for filing such record."

The District Court granted the Government's motion and extended the time for filing the record and docketing the appeal until April 7, 1968.

After this extension had been granted, the taxpayer filed a motion in the District Court to strike and expunge from the record the notice of appeal, pursuant to Rule 11, Fed.R.Civ.P. This motion of the taxpayer was sustained by the District Court on March 19, 1968. The order from which the present appeal is taken provided that the notice of appeal "is hereby stricken and expunged from the record" and directed that the clerk of the District Court not prepare for transmittal or transmit the record to the Court of Appeals.

A timely notice of appeal was filed by the United States on May 13, 1968, from the order of the District Court striking the earlier notice of appeal. The taxpayer then filed a motion in this Court to dismiss this "purported appeal." On June 7, 1968, this Court entered an order holding that the order of the District Court striking the Gov-

---

* Judge Combs did not participate in the decision in this case.

1. At the time of the order of the District Court, Rule 73 was in effect. The applicable part of Rule 73 has been superseded by Rules 3 and 4, Fed.R.App.P., effective July 1, 1968.

2. The court reporter, who had a heavy backlog of work, was not able to deliver the transcript to the Tax Division of the Department of Justice until June 28, 1968.

ernment's notice of appeal and expunging it from the record was a final order from which an appeal was allowed. The clerk of this Court was directed to docket the appeal on the basis of the notice of appeal filed by the United States on May 13, 1968.[3] The motion of the taxpayer to dismiss the appeal was overruled.

We hold that the District Court had no power to strike the Government's notice of appeal of January 8, 1968, on the ground that it was not authorized by the Solicitor General. The notice of appeal operated to transfer jurisdiction of the case to this Court, and therefore the District Court had no jurisdiction to act except in aid of the appeal as authorized by the Fed.R.Civ.P. Keohane v. Swarco, Inc., 320 F.2d 429 (6th Cir.); United States v. Frank B. Killian Co., 269 F.2d 491 (6th Cir.). The order of the District Court striking the notice of appeal was not an act authorized by the Rules in aid of the appeal and it therefore is a nullity. Any objection as to the authorization for the filing of the notice of appeal raises a question addressed to this Court's appellate jurisdiction and is not within the jurisdiction of the District Court.

In view of our holding, any discussion as to whether the notice of appeal was properly authorized would be dictum on this appeal. Therefore we reserve the determination of that question until such time as it is properly raised.

We hold that the District Court committed error in striking the Government's notice of appeal. The order of the District Court entered March 19, 1968, which struck the Government's notice of appeal and expunged it from the record, is vacated, and the notice of appeal filed by the United States on January 8, 1968, is reinstated and will remain in effect. The clerk of the District Court is directed to prepare and transmit to the clerk of this Court the

record and transcript in the case of James Steven Hogg v. United States, Civil Action No. 570, on the Jackson, Kentucky, docket. An extension of time of 60 days from the date of this opinion is granted for the filing of the record and the docketing of the appeal.

---

3. In the same order directing the docketing of the present appeal this Court denied the motion of the Government for a writ

of mandamus to compel the District Court to reinstate the struck notice of appeal.