**UNITED STATES of America**

v.

**Arthur Wayne BALDWIN.**

**No. 80–30250–NA–CR.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Dec. 22, 1980.

Hal Hardin, U. S. Atty., William M. Cohen, Asst. U. S. Atty., Nashville, Tenn., for plaintiff.

E. E. Edwards, III, Nashville, Tenn., for defendant.

## MEMORANDUM

MORTON, Chief Judge.

The defendant has filed the following Notice of Appeal and a hearing thereon was held the following morning in open court. The Notice states:

*Notice of Appeal*

Pursuant to Rule 4(b), F.R.A.P., and 28 U.S.C. § 1291, the defendant Baldwin respectfully gives notice of appeal from the District Court's order denying defendant's motions to preclude trial as premature and to reconsider defendant's request for continuance. This appeal is taken to the United States Court of Appeals for the Sixth Circuit. The order appealed from is a final order within the meaning of § 1291 because the rights denied by said order and sought to be vindicated in this appeal will be unenforceable and extinguished if such appeal must await the trial verdict in this District Court.

A hearing was held on December 17, 1980, concerning the appealability of the court's orders denying the motions and the question of divestiture of jurisdiction by virtue of the appeal. A transcript of the record of the hearing is made a part of this opinion.

The court is of the opinion that the tactics of defense counsel in attempting to appeal the court's orders are made solely for the purpose of delaying the defendant's perjury trial until after more serious charges have been disposed of in two federal court districts. This court finds that the appeal is frivolous and made in a spirit of gamesmanship purely for the purpose of delay. The defendant seeks to control the

court's docket and to have the charges against him tried at the time and, more specifically, in the order that he chooses. A review of the motions and rulings of the court illustrates this clearly.

The defendant was indicted for perjury by the grand jury on October 27, 1980, for allegedly lying under oath in a bond proceeding before the United States Magistrate on or about October 9, 1980. By notice of November 5, 1980, the case was set for trial on December 22, 1980.

Over a month later, on November 28, 1980, the defendant filed a motion for a continuance of the perjury trial. The motion cited other trial dates for the defendant as being December 1 and 8 in the Western District of Tennessee and December 15 in the Middle District of Tennessee. Defendant's counsel stated in his affidavit that it would be impossible to be prepared for trial in the perjury matter prior to December 22 and further stated that he had planned a vacation outside the country from December 20 until January 7.

On December 1, 1980, the court denied the November 28 motion for a continuance, noting that the case was a simple one which did not require extensive preparation.

The following morning, December 2, defense counsel, in chambers, requested that the court reconsider its denial of the continuance. The court denied the request but rescheduled the trial to December 18 so as not to conflict with counsel's vacation plans. At this time the cases set for trial on December 1, 8 and 15 had been continued on motion of defendant for trial in 1981.

On December 15, the defendant again moved this court to reconsider his request for a continuance. The motion explained that the defendant wished to have the perjury charge put off "until after the trial of the conspiracy-explosive charges against the defendant . . . ." Par. 6. Counsel also referred to the possibility of conflict with other (civil) litigation. Also on that date the defendant moved to waive a jury trial and to preclude the perjury trial as premature.

In the latter motion the defendant advanced the novel theory that until completion of the conspiracy trial, the indictment for which precipitated the bond hearing before the U. S. Magistrate, the defendant is at liberty to recant any false testimony given in the bond hearing by virtue of the provisions of 18 U.S.C. § 1623(d) and thereby bar this prosecution. Oral argument was presented for an extended period of time on December 15, 1980.

The defendant now contends that a denial of his motion to preclude trial is appealable as analogous to a double jeopardy claim. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) indicates that double jeopardy claims should be litigated to finality prior to the challenged prosecution. In like fashion, the defendant contends that he should be able to litigate his recantation theory in the Court of Appeals prior to trial.

The defendant therefore filed his notice of appeal and argues that this court is deprived of jurisdiction on the authority of *Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969).

■ There can be no doubt that the actions of the defendant are solely for the purpose of delaying his trial for perjury until it is tactically more suitable. The court is of the opinion that the assertions of the defendant in interpreting 18 U.S.C. § 1623(d) are patently ridiculous. To argue that the alleged perjury has not become manifest even after the defendant has been indicted for perjury is untenable. By the time one is indicted for perjury, he has lost the ability to recant. To hold that one may recant any time prior to the final disposition of the case causing the bond hearing is absurd. Here, the bond proceedings and all related matters have been terminated. "Congress did not countenance in Section 1623(d) the flagrant injustice that would result if a witness is permitted to lie to the judicial tribunal and then, upon only learning that he had been discovered, grudgingly to recant in order to bar prosecution." *United States v. Moore*, 613 F.2d 1029, 1043 (D.C.Cir.1979), *cert. denied, Moore v. United*

*States,* 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980).

The defendant also argues that, because the allegedly false statements were not believed, they could not have significantly affected the proceedings. One does not have to be an effective liar in order to be prosecuted for perjury.

■ The defendant expresses concern that he will be compromised in facing a possible perjury conviction should he wish to take the stand in the defense of his substantive criminal indictments, the trial of which would follow the perjury trial. This carries little weight inasmuch as the court has been informed of three prior convictions of the defendant involving income tax evasion, cocaine, and bribery. In addition, counsel expressed concern that his client, the defendant, may be reincarcerated if convicted for perjury, thereby hampering his defense in other pending cases. From the record, it appears that all charges were set for trial prior to the perjury charge and that configuration was altered only at and by the request of the defendant. The court can find no resulting violation of due process. In addition, the Government has provided assurances that the defendant will be made available in either Memphis or Nashville, as necessary, for consultation with counsel.

In short, the defendant is trying, through his appeal, to do what the court will not otherwise permit. The appeal is deemed to be frivolous.

■ The court is in agreement with the Third and Fifth Circuit Courts of Appeal that where a defendant appeals from the denial of an unappealable order, or from the denial of a frivolous double jeopardy motion, jurisdiction is not lost, and the court may still conduct a trial of the defendant despite the pendency of the appeal. *See, e. g., United States v. Leppo,* 634 F.2d 101 (3d Cir., 1980); *United States v. Wright,* 622 F.2d 792 (5th Cir. 1980).

[F]iling a notice of appeal from a nonappealable order should not divest the district court of jurisdiction and ... the

reasoning of the cases that so hold is sound. The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process.

*United States v. Hitchmon,* 602 F.2d 689, 694 (5th Cir. 1979), *on remand* 609 F.2d 1098 (5th Cir. 1979).

■ Accordingly, the court finds that the appeal of the denial of a continuance is a nonappealable order. The appeal of the defendant's interpretation of § 1623(d) is frivolous. As such, the court is not divested of jurisdiction, and the case will therefore be set for trial. However, out of an abundance of caution and deference to the rights of the defendant, the court granted a continuance and reset the case for January 12, 1981, in order for the defendant to file an appeal or take other appropriate action. Pursuant to the Government's request, this court further finds that there are grounds for an expedited appeal or for other appropriate relief in this matter. *See United States v. Lynch,* 598 F.2d 132, 134 n. 3 (D.C.Cir.1978), *cert. denied, Lynch v. United States,* 440 U.S. 939, 99 S.Ct. 1287, 59 L.Ed.2d 498 (1979).