**Sonya ARUNDAR b/n/f Freya Arundar**

v.

**DeKALB COUNTY SCHOOL DISTRICT; John W. Truelove; Frank Jernigan; Elizabeth Andrews; Ray Jackson; John I. Ramsey; David Williamson; Joe Williingham; James H. Hinson, Jr.; Byron Collier; Richard Baker; Etta Rush.**

Civ. A. No. C80–1872A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 22, 1981.

678

W. Larue Boyce, Jr. and B. J. Smith, Decatur, Ga., for plaintiff.

Glenn Frick and Robert P. Bleiberg, of Lokey & Bowden, Atlanta, Ga., Weekes, Candler, Sams & Weatherly, Decatur, Ga., for defendants.

## ORDER

NEWELL EDENFIELD, District Judge.

This action under 42 U.S.C. § 1983 alleging that plaintiff was deprived of federal constitutional rights by her assignment to certain high school courses is before the court on defendants' motion to dismiss the "notice of appeal" filed by plaintiff in this case.

This court entered an order granting defendants' motion for summary judgment on July 13, 1981. Plaintiff filed her "notice of appeal" in this court on August 14, 1981. Defendants argue in support of this motion that plaintiff violated 28 U.S.C. § 2107 by filing the notice of appeal more than thirty days after the entry of the court's order of July 13 which constitutes a final judgment.

As the court in *Lloyd v. Lawrence*, 60 F.R.D. 116, 118 (S.D.Tex.1973), stated:

A case is lodged in only one court at any one time. When an appeal is taken from a decision of the district court, the jurisdiction of the district court terminates. That of the court of appeals attaches upon the filing of an *adequate* notice of appeal. Fed.R.App.P. 4(a); *Gill v. Commissioner of Internal Revenue*, 306 F.2d 902 (5th Cir. 1963). Thereafter, the district court has no jurisdiction and accordingly no control or power over the litigants or the case *except* to aid the appeal or correct clerical errors. Fed.R. App.P. 7, 8, 10 and 11; Fed.R.Civ.P. 60(a); *Walleck v. Hudspeth*, 128 F.2d 343 (10th Cir. 1942); 9 Moore's Federal Practice and Procedure § 203.11.

(Emphasis supplied and in original.)

While it is true that a "notice of appeal" can be dismissed, *see, e. g., Lathrop v. Oklahoma City Housing Authority*, 438 F.2d 914 (10th Cir. 1971), *cert. denied*, 404 U.S. 840, 92 S.Ct. 132, 30 L.Ed.2d 73 (1971), for being filed even one day late, *see, e. g., United States v. Umfress*, 562 F.2d 359 (5th Cir. 1977), it is not very clear whether a district court has the jurisdiction to dismiss a notice of appeal. There is nothing in 28 U.S.C. § 2107 or Rules 3 and 4, Fed.R.App.P., to indicate whether this court has jurisdiction over an *inadequately* filed notice of appeal. It is true that Rule 4(a)(5), Fed.R.App.P., allows the district court "upon a showing of excusable neglect or good cause" to extend the time for filing a notice of appeal "upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." However, plaintiff here has

made no such motion. Indeed, plaintiff has not even responded to defendants' motion to dismiss.

Case law on this point is also sketchy, but it appears to lean in favor of jurisdiction being grounded in the court of appeals. In the case most on point—*Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969)—the district court struck the government's notice of appeal from an adverse judgment in a tax refund suit on the ground that it was not authorized by the Solicitor General. The Sixth Circuit held "that the District Court had no power to strike the Government's notice of appeal" and that the "notice of appeal operated to transfer jurisdiction of the case to this Court, and therefore the jurisdiction to act except in aid of the appeal. . . ." *Id.* at 580. The court further held that

> striking the notice of appeal was not an act authorized by the Rules in aid of the appeal and it therefore is a nullity. Any objection as to the authorization for the filing of the notice of appeal raises a question addressed to this Court's appellate jurisdiction and is not within the jurisdiction of the District Court.

*Id. See also Richland Knox Mutual Insurance Co. v. Kallen*, 376 F.2d 360, 364 (6th Cir. 1978) ("The motion to dismiss Litwin's appeal was not heard [in the district court] *since the motion had been erroneously filed with the District Court*") (emphasis supplied).

The only Fifth Circuit case on point is not totally conclusive on this issue. In *United States v. Lewis*, 522 F.2d 1367 (5th Cir. 1975), *cert. denied, sub nom. Robinson v. United States*, 429 U.S. 863, 97 S.Ct. 168, 50 L.Ed.2d 142 (1976), the district court dismissed the defendant's appeal for untimeliness, reciting merely that no facts had been alleged "justifying a finding of excusable neglect or an extension of time by this Court." *Id.* at 1368. The court of appeals, citing *Hogg*, stated that "we have some doubt as to whether the district court had power to dismiss the appeal . . .". *Id.* However, the court pretermitted that question in reaching its decision because "[s]ince

the notice of appeal was unquestionably not timely filed, we would have had to do the same thing the district court did, *i. e.*, dismiss the appeal since 'unless the appeal is timely taken the reviewing court lacks jurisdiction to hear it.' " *Id.* at 1368–69.

As noted earlier, in this action plaintiff has made no motion for an extension of time nor alleged any facts justifying a finding of excusable neglect. The plaintiff has not responded to this motion at all. However, in light of the holding and dicta set out above, this court has serious doubts as to its jurisdiction over this motion. It is also not clear whether dismissing this notice of appeal at this point constitutes an act "in aid of the appeal" under the Federal Rules of Appellate Procedure. Therefore, rather than chance infringing upon the court of appeals' jurisdictional "territory", the court hereby DENIES defendants' motion for want of jurisdiction.