807 F.2d 175
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Sewell SMITH, Plaintiff-Appellant,
v.
Susan LINDSEY, Defendant-Appellee.
Michael Sewell SMITH, Plaintiff-Appellant,
v.
Susan LINDSEY, Defendant-Appellee.
 Nos. 86-6626, 86-6739.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1986.
Decided Dec. 5, 1986.
 
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Michael Sewell Smith, appellant pro se.
 PER CURIAM:
 
 
 1
 Michael Sewell Smith, a Virginia inmate, appeals the district court's dismissal of a prior notice of appeal.
 
 
 2
 Sewell brought a pro se action under 42 U.S.C. Sec. 1983 alleging that Susan Lindsey, a witness at his criminal trial, committed perjury. The district court entered a judgment on December 16, 1985, dismissing the action as frivolous under 28 U.S.C. Sec. 1915(d). Sewell filed a notice of appeal on May 2, 1986. In an order entered on June 6, 1986, the district court noted that Sewell's notice of appeal was submitted 137 days after entry of judgment. The court concluded that it was without power to consider Sewell's notice of appeal and accordingly entered an order dismissing it. On June 12, 1986, Sewell filed a timely notice of appeal of the June 6, 1986, order.
 
 
 3
 Preliminarily, we note that the June 6, 1986, order dismissing Sewell's May 2, 1986, notice of appeal was a final order. See Hogg v. United States, 411 F.2d 578, 579-80 (6th Cir.1969). Turning to the district court's dismissal of Sewell's May 2, 1986 notice of appeal, we conclude that the district court had no power to dismiss the notice of appeal. Id. at 580. The timeliness of the filing of the notice of appeal was a question addressed to this Court's appellate jurisdiction and was not within the jurisdiction of the district court. Id. Accordingly, the June 6, 1986, order dismissing the May 2, 1986, notice of appeal is a nullity.
 
 
 4
 With the May 2, 1986, notice of appeal now before us, we conclude that we lack jurisdiction over Sewell's attempted appeal of the district court's December 16, 1985, judgment. In order to preserve a right of appeal, a litigant must file a notice of appeal within thirty days from the date of entry of judgment. Fed.R.App.P. 4(a)(1). Upon a showing of excusable neglect, the district court may extend the time for filing by an additional thirty days. Fed.R.App.P. 4(a)(5). After the expiration of the sixty-day period, neither the district court nor this Court may grant a further extension of time to file a notice of appeal because the time limits set out in Rule 4 are "mandatory and jurisdictional." Shah v. Hutto, 722 F.2d 1167, 1167 (4th Cir.1983) (en banc) (citation omitted), cert. denied, 466 U.S. 975 (1984).
 
 
 5
 Although Smith contends that he did not receive a copy of the judgment, lack of notice of the entry of judgment does not affect the time to appeal or authorize a court to excuse a party for failure to appeal within the permissible filing period. See Hensley v. Chesapeake & Ohio Ry., 651 F.2d 226, 229 (4th Cir.1981). Since plaintiff submitted his notice of appeal 137 days after the date of judgment, this Court lacks jurisdiction over the appeal of the December 16, 1985, judgment. See Ali v. Lyles, 769 F.2d 204 (4th Cir.1985). Accordingly, we dismiss the appeal of that judgment.
 
 
 6
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 No. 86-6626--VACATED.
 
 
 8
 86-6739--DISMISSED.