UNITED STATES of America,
Plaintiff-Appellee,

v.

Antonio DOMINGUEZ,
Defendant-Appellant.

No. 86–2707.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 4, 1986.
Decided Jan. 22, 1987.

See also, D.C., 636 F.Supp. 1522.

---

Allen Ackerman, Law Office of Allen Ackerman, Chicago, Ill., for defendant-appellant.

James G. Richmond, U.S. Atty., Devin E. Milner, Asst. U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Before WOOD, RIPPLE, and MANION, Circuit Judges.

PER CURIAM.

Defendant Dominguez is represented by Mark Krasnow, Esquire, of Miami, Florida. The notice of appeal in this case was late by one day. On October 21, we ordered Mr. Krasnow to file, on or before November 3, a jurisdictional memorandum or a motion for extension of time in the district court. Mr. Krasnow did neither. On November 13, we ordered him to show cause by December 1 why we should not discipline him for filing a late notice of appeal and for disobeying our order of October 21.* Again, Mr. Krasnow ignored our order.

While we could dismiss the defendant's case for lack of jurisdiction, we will not do so at this point. This is a direct criminal appeal. It is clear that the attorney, not the client, was responsible for the failure to file a timely appeal and request an extension of time. Moreover, unlike civil appeals, a motion for extension of time can be filed at any time, *compare* Fed.R.App.P. 4(a)(5), *with* Fed.R.App.P. 4(b). Presumably, the defendant will now comply with the rule.

 This court has the authority, pursuant to Fed.R.App.P. 46(c), to discipline attorneys "for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court." The sanctions imposed in each case should be carefully tailored to the circumstances of the particular situation. We must protect the litigants and possible future clients from further misfeasance. We may legitimately consider the deterrent effect which our action will have within the bar. Finally, we must consider the effect of the sanction on the individual lawyer involved. Appropriate corrective action ought to require the lawyer to reassess the manner in which he or she is fulfilling professional obligations and afford, when appropriate, an opportunity for reform. We must also remember that state bar officials have great responsibilities in this area and have a right to expect our cooperation. Often, they are in a far better position to assess the overall professional performance of the attorney.

 The attorney's conduct here cannot be tolerated. He is fined $1000, payable in the clerk's office by cashier's check made payable to the United States Treasury. Payment must be made within fourteen days. In addition, the Clerk is directed to send copies of this opinion to the appropriate state disciplinary authorities and to Mr. Dominguez.

It is so ordered.

---

\* This is not the first time Mr. Krasnow has violated our rules. In *United States v. Crumpler*, No. 86–2039, he failed to file a timely brief and did not comply with Circuit Rule 7(d) (voluntary dismissal of criminal appeal requires acknowledgement signed by defendant) until prodded to do so by two of our orders. When we finally dismissed *Crumpler*, we warned Mr. Krasnow that he would be expected to comply with our rules in the future. Our admonition apparently fell on deaf ears.