**Angela PRICE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 19, 1987.

Case Ordered Published by
Court of Appeals
July 17, 1987.

Thomas L. Conn, Lexington, for appellant.

David L. Armstrong, Atty. Gen., Connie V. Malone, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWARD and MILLER, JJ.

HOWARD, Judge.

This is an appeal from a judgment of Fayette Circuit Court entered pursuant to a jury verdict convicting appellant of first-degree perjury and sentencing her to one year in the penitentiary.

Angela Price, appellant, was indicted on March 24, 1986, by a Fayette County Grand Jury. The single-count perjury indictment arose in connection with a previous case in which appellant's stepfather, James Coffey, pled guilty to, and was convicted for, raping appellant. Appellant had testified before the grand jury concerning the cir-cumstances of the rape. Later on, however, she succumbed to family pressure, mainly brought about by her mother's and sisters' blameful attitude towards her ever since she reported the rape, and signed an affidavit which, she says, she did not read but was told stated that the rape did not happen. Coffey then filed a RCr 11.42 motion to set aside his guilty plea. An evidentiary hearing was held on March 18, 1986. Appellant testified and confirmed the content of the affidavit that she voluntarily had sex with Coffey and that her grand jury testimony was not true. Within a few days, appellant was indicted for perjury, arrested and arraigned. She pled not guilty and testified at trial that she told the truth to the grand jury and intentionally lied when she testified at the hearing. The jury returned a guilty verdict, and recommended the lowest statutorily authorized punishment for first-degree perjury.

The first issue on appeal is whether appellant was denied due process by the trial court's refusal to admit expert testimony regarding the mental condition of victims of incestuous rape.

Appellant's counsel sought to introduce a representative of the Lexington Rape Crisis Center who qualifies in Fayette Circuit Court as an expert on intra-family sexual abuse. Counsel stated that her goal was not to elicit testimony as to Angela Price's mental state in particular, but as to how incestuous rape affects the feelings and emotions of its victims in general. The Commonwealth objected to this evidence on the basis that mental state has no relevance in a perjury trial. The prosecutor indicated that the testimony could have been relevant if the expert were to testify that victims of incestuous rape have been observed to recant previous testimony with the belief they are not lying and appellant had indeed reacted in that fashion. However, since the evidence introduced by the Commonwealth showed that appellant believed she was lying when she recanted her previous testimony, the mental state described above did not apply to her. The conclusion therefore was that the mental state of victims of incestuous rape was

irrelevant to a case where the accused herself has admitted she lied under oath. The court sustained the Commonwealth's objection. The expert's testimony was entered in the record by avowal.

A trial court has discretion in its control of the evidence presented to the jury. In absence of any abuse of that discretion, the reviewing court will not disturb the trial judge's decision. *See Pendleton v. Commonwealth,* 685 S.W.2d 549 (Ky.1985). It is our considered opinion that the circuit court properly denied to admit expert testimony which was not relevant to any fact at issue in this action.

Appellant made a material statement under oath at the March 18 evidentiary hearing which was false since she testified at trial that she spoke the truth before the grand jury. Appellant did not believe that statement since she admitted she lied intentionally when she made it. These are the statutory components of first-degree perjury. KRS 523.020. That incestuous rape victims generally withdraw their accusations is not relevant to the issue whether an intentional lie was uttered under oath.

Appellant also argues that the expert testimony would have provided support to her choice of evils defense, pursuant to KRS 503.030, which she says turns upon what a defendant believed at a particular time. Upon consideration of the record, we fail to see that appellant was prejudiced by the court's decision to withhold the expert testimony from the jury. First of all, the avowal evidence sheds no light upon appellant's own state of mind because it fails to be anything more than a general narrative on common patterns of conduct displayed by victims of incestuous rape. The expert did not talk to, or even meet, appellant. Therefore, the information she provided would have been of little use to the jury in evaluating appellant's personal choice of evils. Furthermore, the jury heard pertinent other testimony concerning appellant's emotional condition and the family pressure she was under. Finally, the trial court did instruct the jury on the choice of evils defense. For all these reasons, we hold that appellant's due process was not violated by the court's exercise of its discretion to exclude the expert testimony.

■ Next, appellant argues that the trial court erred in disregarding the defense of retraction and refusing to direct a verdict on her behalf.

After her arrest, appellant made a telephone call to a detective whom she befriended since reporting the rape to police. She told the officer that what she had said in court at the hearing was a lie. The telephone conversation was taped by the detective and played for the jury at trial. Appellant's counsel argued that the phone call was a retraction by appellant of her perjured testimony, thus a defense to the perjury offense. She moved for a directed verdict after the Commonwealth announced closed and again after concluding evidence for the defense. Both motions were overruled and the court further denied instructing the jury about retraction. Appellant now argues that this was error and that she is entitled to a reversal of her conviction.

The defense of retraction is set forth in KRS 523.090:

No person shall be guilty of an offense under this chapter if he retracted the falsification in the course of the proceeding in which it was made before such false statement substantially affected the proceeding and before it became manifest that its falsity was or would be exposed.

Appellant first claims that her retraction was timely under the statute because it took place in the course of the proceeding in which it was made. She lied under oath at the March 18 hearing. The trial judge did not rule on Coffey's RCr 11.42 motion at that time, and took the matter under advisement. To her, this means the proceeding was pending when she made her phone call to police on March 28 since the judge did not overrule Coffey's motion until after a hearing was held on April 2 upon the Commonwealth's motion to present the taped evidence to the court. While this might be argued, it does not help appellant because she fails to satisfy the last of the three requirements contained in KRS 523.-

090. The statute provides that the retraction must be made before it became manifest that its falsity was or would be exposed. We reject her absurd claim that since only Coffey and herself had knowledge about the rape, there was no reason to expect that the falsity of the testimony would be exposed unless Coffey were to once again admit that he had raped appellant. Since two contrary statements had been made under oath, anyone who had heard both could logically conclude as early as March 18, and without the need for Coffey's additional testimony, that one of them had to be a lie. However, the exposure of the falsity became complete when the grand jury indicted appellant on March 24. We hold that, at that time, she lost the ability to recant. We concur with federal case law cited by appellee interpreting along the same lines a statute similar to KRS 523.090. *See United States v. Moore*, 613 F.2d 1029 (D.C.Cir.1979), *cert. denied*, 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980); *United States v. Baldwin*, 506 F.Supp. 300 (M.D.Tenn.1980). Appellant's retraction, made after her false statement had been exposed, was too late to qualify as a defense in the case-in-chief. We express no opinion as to whether an informal admission to a friend who happens to be a police officer is a retraction as contemplated by KRS 523.090.

Finally, we note appellant's point that the Commonwealth has reason to be ashamed to have prosecuted her. She says that at no time was she taken aside in an unstressful setting and advised that it was not in her interest to retract her grand jury testimony. We disagree. The video transcript of the March 18 hearing plainly shows the trial judge warning her to tell the truth and that, if she did not tell the truth, she would be subject to penalty for perjury. The judge also told her that she did not have to testify and may consult with an attorney prior to giving any testimony. Appellant went ahead and lied nonetheless. She stated at trial that she did not understand what incriminating yourself meant and did not know that she had the right to refuse to testify. We are of the opinion that the videotape does not

corroborate these statements. Appellant appears adamantly determined to do what she did, and the despair and shame indicated by her demeanor while testifying show she understood the wrongness of her conduct. She said at trial that she saw the lie as the only way to regain her family's love and support. While we deplore the sad circumstances which led appellant to commit a felony, she did knowingly perjure herself, and we must uphold the law. We believe the jury extended her the maximum possible amount of compassion. So did the trial judge when he probated appellant. This Court can do no more.

We affirm the judgment of Fayette Circuit Court.

All concur.