846 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hannibal BREWER, Petitioner-Appellant,
v.
WARDEN, MARYLAND HOUSE OF CORRECTION, State of Maryland,
Respondents-Appellees.
 No. 87-7241.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 19, 1987.
Decided April 15, 1988.
 
 Hannibal Brewer, appellant pro se.
 J. Joseph Curran, Jr., Attorney General, Jillyn Kaberle Schulze, Assistant Attorney General, for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Hannibal Brewer filed a petition for writ of habeas corpus in the district court which was referred to Magistrate Klein for report and recommendation pursuant to 28 U.S.C. Sec. 636(b)(1). Magistrate Klein recommended that relief be denied and advised Brewer of his right to file objections to the recommendation. Brewer timely filed objections. Before the district court could review the recommendation in light of Brewer's objections, however, Brewer noted an appeal to this Court. The district court thereafter dismissed Brewer's appeal as interlocutory and adopted, over Brewer's objections, the magistrate's recommendation that habeas relief be denied. Brewer failed to note an appeal from the district court's order dismissing his habeas action.
 
 
 2
 The district court lacked authority to dismiss Brewer's notice of appeal, that authority being vested exclusively with this Court. See Hogg v. United States, 411 F.2d 578 (6th Cir.1969) (district court order striking notice of appeal is a nullity). Nevertheless, the district court's characterization of Brewer's appeal as premature was correct.
 
 
 3
 Section 1291 of Title 28 gives this Court jurisdiction to review final decisions of the district court. A final decision is one which "ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). At the time Brewer noted his appeal his case was ongoing in the district court. His appeal thus was not taken from a final judgment. Nor do we find that we have jurisdiction over Brewer's appeal under any exception to the final judgment rule.
 
 
 4
 We accordingly deny a certificate of probable cause to appeal and dismiss the appeal as interlocutory. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 DISMISSED