940 F.2d 663
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. ALEXANDER, Defendant-Appellant.
 No. 90-1525.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert L. Alexander, a federal prisoner, has appealed, pro se, from an order of the United States District Court for the Eastern District of Michigan denying the appellant's motion for a new trial based on new evidence. The district court, on April 11, 1990, denied the appellant's motion for a new trial. On April 27, 1990, the appellant filed a notice of appeal, which was four days out of time. A panel of this court, on November 16, 1990, entered an order dismissing the appeal for lack of jurisdiction, but "without prejudice to any right of appellant to seek and extension of time from the district court for the notice of appeal." United States v. Alexander, No. 90-1525, slip op. at 2 (6th Cir. Nov. 16, 1990) (order). On December 5, 1990,[1] pursuant to Fed.R.App.P. (4)(b), the district court entered an order granting the appellant an extension of time until April 30, 1990 to file notice of appeal, which period would include the date on which this appeal was originally filed.
 
 
 2
 On December 17, 1990, this court received a handwritten note from the appellant informing the court of the district court's order, which the court construes to be a motion to recall the mandate, to find jurisdiction of the appeal, and to address the merits of the case. This court concludes that the district court had the authority to consider and grant the motion for an extension of time, United States v. Dominguez, 810 F.2d 128, 129 (7th Cir.1987) (per curiam). See also United States v. Kaden, 819 F.2d 813 (7th Cir.1987), United States v. Lucas, 597 F.2d 243 (10th Cir.1979) (per curiam), and United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977) (per curiam), all cited in United States v. Christoph, 904 F.2d 1036, 1039-40 (6th Cir.1990), cert. denied, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). This court also concludes that the district court did not abuse its discretion in granting the motion to extend time. See, e.g., Kaden, 819 F.2d at 816-17. Therefore, this court now has jurisdiction of the appeal.
 
 
 3
 Accordingly, the mandate of this court is RECALLED and this court orders that the case be REMANDED to the district court to make more comprehensive findings of fact to be analyzed under each of the prongs of the test outlined in United States v. Barlow, 693 F.2d 954, 966 (6th Cir.1982), cert. denied, 461 U.S. 945, 103 S.Ct., 77 L.Ed.2d 1304 (1983), following a hearing at which the appellant shall be represented by counsel appointed by the district court.
 
 
 
 [1]
 The mandate from this court dismissing the appeal did not issue until December 17, 1990. But, the district court had jurisdiction to grant the motion for an extension of time on December 5, 1990 under either of two theories. First, because the notice of appeal had not been timely filed, the district court had never been divested of jurisdiction. Rucker v. United States Dep't of Labor, 798 F.2d 891, 892 (6th Cir.1986). Secondly, the action of the district court was "in aid of the appeal." Hogg v. United States, 411 F.2d 578, 580 (6th Cir.1969)