Daniel WORKMAN, Appellant,

v.

Arthur TATE, Appellee.

(WORKMAN II)

Nos. 91–3515, 91–3538.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 4, 1991.
Decided March 10, 1992.

Paul Mancino, Jr., (argued), Cleveland, Ohio, *for appellant Workman.*

Suzanne E. Mohr, Asst. Atty. Gen. of Ohio (argued) and Lee Fisher, Atty. Gen. (brief), Columbus, Ohio, *for appellee State of Ohio.*

Before: KEITH, RYAN and TIMBERS,* Circuit Judges.

TIMBERS, Circuit Judge.

Appellant Daniel Workman appeals from one of two orders entered May 9, 1991 in the Northern District of Ohio, Alvin I.

* The Honorable William H. Timbers, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

Krenzler, *District Judge,* i.e. the order denying his motion to be released pending appeal from an order entered December 6, 1990 in the same court by the same judge granting his petition for a writ of habeas corpus.

We assume familiarity with the district court's order of December 6, 1990 which is the subject of our opinion in the related appeal of *Workman v. Tate,* 957 F.2d 1339 (6th Cir.1992) (*Workman I*). On that appeal, we affirmed that part of the district court's order which granted Workman habeas relief as to his conviction for felonious assault, but we reversed that part of the order which granted him habeas relief as to his conviction for having a weapon while under a disability.

## I.

We turn first to a summary of the various proceedings which have led to the thicket before us from which has emerged the sole issue before us, namely, whether Workman should be released pending appeal from the district court's order of December 6, 1990 which granted his petition for a writ of habeas corpus.

In its order of December 6, 1990, the district court stated that it was "vacat[ing] the petitioner's judgment of conviction ..., reinstating the indictment as to the counts for which the defendant was convicted, and order[ing] a new trial for the defendant as to the counts for which he was previously convicted."

On January 3, 1991, the state filed a notice of appeal from the order granting Workman habeas relief and moved in the district court for a stay of its order pending appeal.

On January 4, 1991, Workman moved for release pending appeal pursuant to Fed. R.App.P. 23 and filed a cross-appeal from the portions of the district court's order adverse to him. The district court granted the state's motion for a stay and denied Workman's motion for release.

Workman renewed in this Court his Rule 23 motion for release from custody. In an order dated March 18, 1991, we stated that, although the district court's order denying Workman release pending appeal was presumptively correct, Fed.R.App.P. 23(d); *Hilton v. Braunskill,* 481 U.S. 770, 774 (1987), we could not undertake properly an evaluation of the matter on the record then before us. We remanded Workman's motion for release pending appeal, stating:

> "Accordingly, this case is remanded to the district court *only for such further proceedings with respect to petitioner's motion for release* as are necessary to review whether release is warranted, and, if so, whether surety is warranted. We retain jurisdiction with respect to the merits of the appeal and cross-appeal."

(emphasis added).

Upon remand, the district court, on May 9, 1991, filed a Memorandum of Opinion and Order of Clarification Re: Petitioner's Motion to Be Released on Bond and Respondent's Motion to Stay Pending Appeal (Memorandum of Clarification). Also on May 9, the court entered a second order, namely, an Amended Order Granting Petitioner's Petition for a Writ of Habeas Corpus (Amended Order). In its Memorandum of Clarification, the district court stated that it "only intended to vacate the petitioner's judgment of conviction ... as it relates to the felonious assault with specifications charge and not to the possession of a weapon while under a disability." In its Amended Order, the district court denied Workman's petition for release on bond pending appeal and stated that it was "vacat[ing] the petitioner's judgment of conviction in the Court of Common Pleas of Cuyahoga County as to the felonious assault with specifications charge ... and reinstat[ing] the indictment as to that charge only for which the defendant was convicted."

By an order dated May 31, 1991, we consolidated Workman's motion for release with the state's appeal, and Workman's cross-appeal, on the merits from the district

court's order granting the petition for habeas corpus.

We hold that the district court did not err in denying Workman's motion for release pending appeal and granting the state's motion for a stay pending appeal. We also hold, however, that the district court was without jurisdiction to amend its original order granting Workman's habeas petition since an appeal from that order already had been taken to this Court.

## II.

We turn first to the question of whether the district court erred in denying Workman's motion for release and granting the state's motion for a stay pending appeal.

The decision of a district court to grant or deny a successful habeas petitioner's motion for release pending appeal is governed by Fed.R.App.P. 23. Rule 23(c) provides:

"Pending review of a decision ordering the release of a prisoner in such a proceeding, the prisoner shall be enlarged upon the prisoner's recognizance, with or without surety, unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall otherwise order."

Rule 23(d) provides:

"An initial order respecting the custody or enlargement of the prisoner and any recognizance or surety taken, shall govern review in the court of appeals and in the Supreme Court unless for special reasons shown to the court of appeals or to the Supreme Court, or to a judge or justice of either court, the order shall be modified, or an independent order respecting custody, enlargement or surety shall be made."

In *Hilton, supra*, 481 U.S. 770, the Court held that Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases, but that presumption may be overcome if the judge rendering the decision, or an appellate court or judge, 'otherwise orders.'" *Id.* at 774. The Court also held that "Rule 23(d) creates a presumption of correctness for the order of a district court entered pursuant to Rule 23(c), whether that order enlarges the petitioner or refuses to enlarge him, but this presumption may be overcome in the appellate court 'for special reasons shown.'" *Id.*

In *Hilton*, the Court was asked to decide what factors are relevant to the determination of whether a successful habeas petitioner should be released pending appeal. The Court held that the traditional factors governing the power of district and appellate courts to stay an order under Fed. R.Civ.P. 62(c) and Fed.R.App.P. 8(a)—(1) likelihood of the stay applicant's success on the merits; (2) whether the stay applicant will be irreparably harmed; (3) whether the issuance of the stay would injure other interested parties; and (4) the public interest—are equally applicable to the determination of whether a successful habeas petitioner should be released pending appeal. *Id.* at 776. The Court also held that the possibility of the petitioner fleeing or posing a danger to the public, as well as the state's interest in continuing his rehabilitation, could mitigate against the release of a successful habeas petitioner pending appeal. *Id.* at 777.

In the instant case, the district court denied Workman's motion for release pending appeal primarily because, despite the plain language of its original order granting Workman habeas relief as to "the counts for which he was convicted", the court intended only that Workman be granted relief as to the felonious assault charge. The court stated that there was never an issue as to Workman's conviction for having a weapon while under a disability because evidence of Workman's prior conviction for armed robbery properly was received in evidence at trial and Workman, as well as Wilkerson and Osborne (the two witnesses Workman's counsel failed to interview or call to testify) admitted that Workman was carrying a gun on the night he was arrested. Since Workman's sentence on the weapons charge—one and one half to five years—had not been fully served at the time Workman moved for

release pending appeal, the court denied his motion for release.

▮ Although the district court did not base its decision explicitly on the factors that the Court in *Hilton* held govern a decision to grant or deny a successful habeas petitioner's motion for release pending appeal, we hold that there was substantial compliance with the standard set forth in *Hilton.* As the Court stated in *Hilton,* the balance of the factors relevant to determining whether a successful habeas petitioner should be released pending appeal "may depend to a large extent upon determination of the State's prospects of success in its appeal." *Hilton, supra,* 481 U.S. at 778. Here, the district court apparently realized that it unintentionally had granted Workman habeas relief as to his conviction for having a weapon while under a disability, even though he was not entitled to habeas relief on that charge. Implicit in that realization was an understanding that the state likely would be successful on its appeal, at least as to that portion of the district court's previous order granting Workman habeas relief as to his conviction for having a weapon while under a disability.

We hold that the district court did not err in refusing to release Workman pending appeal, even though the court did not explicitly state that it had considered the factors relevant to deciding whether a successful habeas petitioner should be released pending appeal.

## III.

▮ We turn next to the question of whether the district court lacked jurisdiction to amend its original order granting Workman habeas relief. It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *E.g., Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985); *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); *United States v. Holloway,* 740 F.2d 1373, 1382 (6th Cir.), *cert. denied,* 469 U.S. 1021 (1984); *Keohane v. Swarco, Inc.,* 320 F.2d 429, 432 (6th Cir.

1963). The district court, however, retains jurisdiction in aid of the appeal. *E.g., Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir.1981), *cert. denied,* 454 U.S. 1152 (1982); *First National Bank v. Hirsch,* 535 F.2d 343, 345 n. 1 (6th Cir.1976); *Hogg v. United States,* 411 F.2d 578, 580 (6th Cir.1969). Moreover, we have recognized that the district court retains some jurisdiction over the person of the defendant for purposes of reviewing, altering or amending the conditions under which the court released the defendant. *United States v. Krzyske,* 857 F.2d 1089, 1091 (6th Cir.), *cert. denied,* 488 U.S. 832 (1988); *United States v. Black,* 543 F.2d 35, 37 (7th Cir. 1976).

▮ In the context of habeas proceedings, specifically, we have recognized that, even after an appeal has been taken from the district court's order granting or denying a habeas petition, the district court retains some jurisdiction to issue orders regarding the custody or enlargement of the defendant pending review. *Jago v. U.S.Dist.Ct., N.Dist. of Ohio,* 570 F.2d 618, 623 (1978). The district court retains such jurisdiction because "the question concerning the physical custody of the defendant pending further review *does not affect the matters involved in the appeal itself."* *Id.* at 622. (emphasis added).

▮ In the instant case, jurisdiction over the merits of the appeal and cross-appeal from the district court's December 6, 1990 order granting Workman's petition for habeas corpus vested in our Court upon the government's filing of its notice of appeal on January 3, 1991. When we remanded to the district court Workman's motion for release pending appeal, we specifically retained jurisdiction as to the merits of the appeal and cross-appeal from the district court's December 6, 1990 order granting Workman habeas relief as to "the *counts* for which he was convicted." (emphasis added). The May 9, 1991 Amended Order, however, did not merely address whether Workman should be released on bond pending appeal; it also addressed the merits of the case on appeal. The state's appeal from the December 6 order granting Workman habeas relief challenged not only the

propriety of that part of the district court's order granting Workman habeas relief as to his felonious assault conviction; the state also challenged the propriety of that part of the order that granted Workman habeas relief as to his conviction for having a weapon while under a disability. The district court's Amended Order, which sought to limit the court's grant of habeas relief only to Workman's conviction on the felonious assault charge, would have decided, in part, the merits of the case on appeal.

Since the district court was without jurisdiction to amend its order of December 6, 1990, the Amended Order entered on May 9, 1991 is a nullity. *Holloway, supra,* 740 F.2d at 1382; *Hogg, supra,* 411 F.2d at 580; *Keohane, supra,* 320 F.2d at 432.

### IV.

To summarize:

The district court did not err in denying Workman's motion for release pending appeal from the district court's order granting him habeas relief. The court lacked jurisdiction, however, to amend its initial order after an appeal from that order had been taken.

Affirmed in part; vacated in part.