991 F.2d 798
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Haywood WILLIAMS, Jr., Petitioner-Appellant,
v.
J.J. CLARK; Lt. Montgomery, Respondents-Appellees.
 No. 92-6385.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Haywood Williams, Jr., a pro se federal prisoner, appeals from an order of the district court denying his motion for reconsideration and his motion for hearing on a preliminary injunction. This appeal is associated with Appeal No. 92-5651 in which Williams appealed a judgment of the district court which dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Both appeals arise from this petition. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Upon the death of a fellow prisoner, Williams was placed in administrative segregation. In response, Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For relief, Williams sought to be removed from administrative detention and placed back into the general prison population. The district court dismissed Williams's petition for failure to exhaust his administrative remedies. Williams filed a notice of appeal from that judgment and, simultaneously with that notice of appeal, he filed a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b)(1) and (6), a motion to amend the petition (which was contained within the motion for reconsideration), and a motion for a hearing on a preliminary injunction. In his motion for a hearing on a preliminary injunction, Williams stated that he had information that he was being considered for a transfer to another federal penitentiary. The district court denied Williams's motions, stating that it could find no basis for granting an injunction pending the resolution of Williams's appeal, and that the filing of the notice of appeal deprived it of jurisdiction. Williams's appeal of this order is before us now, as is his motion to supplement, and his motion to stay execution of the judgment and to prohibit transfer. (These motions were filed in Appeal No. 92-5651, but are more appropriately related to the present appeal.)
 
 
 3
 Generally, a notice of appeal divests the lower court of jurisdiction. N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir.1987). This general rule, however, is neither absolute nor mandated by the statute. Jago v. United States District Court, 570 F.2d 618, 622 (6th Cir.1978). The district court retains jurisdiction to the extent that it can aid in the appeal. Hogg v. United States, 411 F.2d 578 (6th Cir.1969).
 
 
 4
 As to Williams's motion for reconsideration and his motion to amend, the district court was clearly divested of jurisdiction. Any ruling on either motion would have affected the merits of Williams's initial appeal. Further, the district court showed no inclination to grant Williams's motion for reconsideration; thus a remand would be fruitless. See First National Bank of Salem, Ohio v. Hirsch, 535 F.2d 343 (6th Cir.1976). Further, we find no error in the district court's denial of Williams's motion for a hearing on a preliminary injunction. At the time the motion was filed, Williams had not yet been transferred, and the allegations of transfer were merely rumor. Moreover, we have ruled in Appeal No. 92-5651 that the district court properly denied the habeas petition. Any error in transferring Williams while his petition was pending on appeal did not cause him any injury with regard to the resolution of his petition.
 
 
 5
 Accordingly, the order of the district court denying Williams's motion for reconsideration and his motion for a hearing on a preliminary injunction is affirmed, his motion to supplement is granted, and his motion to stay execution of the judgment and prohibit transfer is denied. Rule 9(b)(3), Rules of the Sixth Circuit.