35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Marlowe CHAMBERS, also known as Larry Chambers, also
known as Marlowe Chambers, Defendant-Appellant.
 No. 93-2585.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Larry Marlowe Chambers appeals pro se from the district court's denial of a motion to remit a fine. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his motion, Chambers alleged that he could not afford to pay the fine. The district court denied the motion for lack of jurisdiction. It is from this order that Chambers now appeals. He has filed a similar motion in this court.
 
 
 3
 Chambers was convicted of conspiracy to distribute cocaine, conspiracy to possess cocaine for intended distribution, operating a continuing criminal enterprise, possessing cocaine for intended distribution, possessing a firearm during a drug trafficking offense, and tax evasion. On appeal, we found that Chambers' convictions for both conspiracy and operating a continuing criminal enterprise violated the Double Jeopardy Clause. The district court subsequently dismissed the conspiracy conviction and resentenced Chambers to an aggregate term of life imprisonment and a $250,000 fine. Chambers appealed this judgment on December 14, 1992. On March 8 and March 16, 1993, Chambers also filed separate appeals from district court orders denying a motion to vacate under 28 U.S.C. Sec. 2255 and a motion for a new trial. We affirmed Chambers' new sentence and the denial of his Sec. 2255 motion on January 19, 1994. The denial of his motion for a new trial was affirmed on March 2, 1994.
 
 
 4
 This chronology demonstrates that denial of the instant motion was proper. Chambers filed the motion at issue here on July 23, 1993, after having appealed his new sentence, the denial of his Sec. 2255 motion, and the denial of his motion for a new trial. Hence, jurisdiction over Chambers' case had shifted to this court by the time the motion was filed. See Workman v. Tate, 958 F.2d 164, 167-68 (6th Cir.1992). Chambers now argues that the district court had jurisdiction over his motion because it was not related to his other appeals. This argument is unavailing. Although the district court retains jurisdiction in aid of an appeal, this jurisdiction does not extend to issues bearing on the merits of the appeal. Id. Accordingly, the district court properly found that it did not have jurisdiction to consider the merits of Chambers' motion.
 
 
 5
 After the present appeal was filed, as noted above, Chambers moved this court to remit his fine. We will not reach the merits of this motion because Chambers did not effectively present his claim regarding the fine to the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 6
 Accordingly, Chambers' current Motion to Remove Fine is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.