**Larry Darnell JONES, Plaintiff–Appellant,**

v.

**R. KOLB, Ruo, et al., Defendants–Appellees.**

Nos. 02–1943, 02–1997.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2003.

Larry Darnell Jones, pro se, Marquette, MI, for Plaintiff–Appellant.

Kristin M. Smith, Patrick J. Wright, Mitchell J. Wood, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants–Appellees.

Before SILER and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

## ORDER

Larry Darnell Jones, a Michigan prisoner proceeding pro se, appeals a district court order denying various post-judgment motions to reopen his civil rights action filed pursuant to 42 U.S.C. § 1983, to clarify why untimely objections were disregarded, and for summary judgment (02–1943), and an order denying his motion to proceed in forma pauperis on appeal (02–1997). Jones has filed a motion for injunctive relief and the defendants have responded. Jones has also filed a motion to reject and deny all further appeals by the defendants. These cases has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones sued several prison officials at the Standish Maximum Correctional Facility ("SMF") in Standish, Michigan. The complaint was filed on June 22, 2000 based on 42 U.S.C. § 1983. Jones claimed that his civil rights were violated when defendant R. Kolb, with after-the-fact complicity from SMF officials, encouraged another inmate to murder him, that Kolb and others retaliated against him for reporting the plot by contaminating his food, and that the defendants unlawfully blocked his access to the courts by limiting his access to a typewriter. The district court dismissed Jones's complaint on June 4, 2002. Jones appealed from that decision on June 27, 2002 (appeal No. 02–1822), but a subsequent motion to voluntarily dismiss appeal No. 02–1822 was granted on October 4, 2002. In the interim, Jones filed various post-judgment motions to reopen the case, to clarify why untimely objections were disregarded, and for summary judgment. These motions were denied by order entered July 3, 2002. Jones filed a notice of appeal from this order on July 22, 2002 (appeal No. 02–1943). By order entered July 25, 2002, the district court denied Jones pauper status in appeal No. 02–1943. Jones filed a notice of appeal from this order on August 8, 2002 (appeal No. 02–1997).

## Appeal No. 02–1943

Upon review, we conclude that the district court properly denied Jones's motion to explain and clarify. As the district court explained in its June 4, 2002, opinion and order, Jones's first set of objections to the magistrate judge's report and recommendation was timely. The second set of objections, however, were filed six months late. The court explained that it had discretion to consider objections not raised before the magistrate judge, but it would not do so in the absence of good cause. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998). Since Jones did not provide good cause for filing the second set of objections so late, the court declined to consider the objections. Jones's motion to explain and clarify why untimely objections were disregarded, filed June 21, 2002, simply presented the same issue to the court, and did not demonstrate a palpable defect by which the court and the parties were misled, as is required by Local Rule 7.1(g).

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Upon further review, we conclude that the district court did not abuse its discretion when it refused to consider Jones's Fed.R.Civ.P. 59(e) motion to reconsider. *Columbia Gas Transmission Corp. v. Ltd. Corp.*, 951 F.2d 110, 112 (6th Cir.1991). The applicable local court rule, L.R. 7.1(c)(3), limits briefs, including footnotes and signatures, to twenty pages. Jones's brief in support of his motion to reconsider was thirty-five pages including signature. The Local Rule indicates that a party seeking to exceed the limit may apply in writing setting forth the reasons. In this case, Jones made no such application to the district court, and in fact provided no explanation whatsoever for his failure to follow the local court rule. Therefore, the district court did not abuse its discretion when it refused to consider Jones's Rule 59(e) motion.

Finally, the district court lacked jurisdiction to consider Jones's motion to reopen the case and motion for summary judgment because Jones filed his notice of appeal prior to filing this motion. A timely notice of appeal normally will divest the district court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir.1993); *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir.1992).

### Appeal No. 02–1997

In this appeal, Jones contends that the district court erred in denying him pauper status in appeal No. 02–1943. Per *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997), a prisoner can no longer challenge a district court's certification. Accordingly, this appeal is dismissed for lack of jurisdiction.

Accordingly, the district court's order denying various post-judgment motions to reopen Jones's civil rights action, to clarify why untimely objections were disregarded, and for summary judgment (appeal No. 02–1943), is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. Appeal No. 02–1997 is dismissed for lack of jurisdiction. All pending motions are denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.