**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur Willie LEWIS, and Reginald Reese Robinson, Defendants-Appellants.**

**Nos. 75–2836, 75–3843.**

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1975.

---

George W. Cameron, Jr., Montgomery, Ala. (Court-Appointed), for defendants-appellants.

Ira DeMent, U. S. Atty., Milton L. Moss, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

This matter comes to us styled as a "petition to dissolve order of district court dismissing appeal" of appellant, Reginald Reese Robinson. This petition was filed under docket number 75–2836, the number assigned to Robinson's appeal which the district court dismissed. Robinson has also filed a separate notice of appeal from the order of the United States District Court for the Middle District of Alabama dismissing his appeal from his conviction for violating certain federal criminal provisions. That appeal has been assigned docket number 75–3843. In the interest of justice we have consolidated these two matters, *see* F.R. A.P. 3(b), and remand to the district court for further proceedings.

Robinson and one of his co-defendants, Arthur Willie Lewis, were convicted of violation of 18 U.S.C.A. § 371 and 26 U.S.C.A. § 5861(c), (d) and (f) on June 6, 1975. Both men were represented at trial by the same court-appointed counsel. Lewis filed a timely notice of appeal. Robinson, however, did not file a notice of appeal until July 15, 1975, well beyond the 10 day period allowed to criminal defendants by F.R.A.P. 4(b), but within the additional 30 day period provided for by Rule 4(b) upon a showing of excusable neglect. As the district court recognized, Robinson seeks review of substantially the same alleged errors as those presented by Lewis' appeal. Nevertheless, on August 13, 1975, the district court entered an order dismissing Robinson's appeal. The court specifically found that "[n]o facts are alleged . . justifying a finding of excusable neglect or an extension of time by this Court."

Although we have some doubt as to whether the district court had power to dismiss the appeal, *see Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969), we pretermit that question in reaching our decision. Since the notice of appeal was unquestionably not timely filed, we would have had to do the same thing the

district court did, *i. e.*, dismiss the appeal, since "unless an appeal is timely taken the reviewing court lacks jurisdiction to hear it." 9 *Moore's Federal Practice* ¶ 204.02[1], at 906 (2d ed. 1973). Absent a finding of excusable neglect by the district court, we cannot consider Robinson's appeal.

█ The district court's order dismissing the appeal recited that no facts had been alleged which justified a finding of excusable neglect. In reviewing this determination we are governed by the "abuse of discretion" standard of review. 9 *Moore's Federal Practice* ¶ 204.13[4], at 980 (2d ed. 1973). The record before us and the court's written order does not, however, provide us with any means of effectively reviewing the court's ultimate determination of no excusable neglect. We therefore remand this matter to the district court to conduct proceedings as to the question of excusable neglect and to make written findings supportive of its ultimate conclusion. Once this is done we can then effectively review the district court's determination.

█ As there is no indication on the record before us of why Robinson's notice of appeal was not timely filed, we express no view about what we believe the district court's determination should properly be. Professor Moore has noted the excusable neglect provision of F.R. A.P. 4(b) was intended to cover, under proper circumstances, ignorance or neglect of counsel in filing late notices of appeal. *See* 9 *Moore's Federal Practice* ¶ 204.19, at 995–996 (2d ed. 1973). In the last analysis, however, attention must be focused on the defendant himself, whose conduct may be excusable even though his counsel's was not.

Remanded to the district court for further proceedings consistent with this opinion.