**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Peter Brett CLARK, Defendant–
Appellant.**

**No. 94–50041.**

United States Court of Appeals,
Fifth Circuit.

April 18, 1995.

M. Carolyn Fuentes, Asst. Federal Public Defender, Lucien F. Campbell, Abe P. Hernandez, Jr., Federal Public Defenders, San Antonio, TX, for appellant.

Richard L. Durbin, Jr., James H. DeAtley, Acting U.S. Attys., San Antonio, TX, for appellee.

Before REAVLEY, GARWOOD and EMILIO M. GARZA, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Peter Brett Clark (Clark) appeals the district court's denial of his motion to extend time to file a notice of appeal. We vacate and remand.

### Facts and Proceedings Below

After pleading guilty to a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), Clark was sentenced to twenty-seven months in prison and three years of supervised release. Several months after his release from jail, Clark was charged with violating the terms and conditions of his supervised release. Clark's probation officer then petitioned the district court for the revocation of Clark's supervised release. The district court referred the matter to a magistrate judge, who, following a hearing, filed a report that recommended revoking Clark's supervised release and sentencing him to twenty-four months in prison. Clark objected to the report and requested a hearing in the district court. In an order and judgment filed on January 6, 1994, the district court overruled Clark's objections; adopted the report and recommendation of the magistrate judge; and, in Clark's absence and without a hearing, revoked his supervised release and sentenced him to twenty-four months in prison. The order was entered on January 7, 1994.

On January 20, 1994, Clark filed a notice of appeal. In an unpublished opinion, we held

that the notice of appeal was untimely, having been filed two days after the ten-day limit provided under Federal Rule of Appellate Procedure 4(b),[1] and remanded the case to the district court to determine whether the untimeliness was due to excusable neglect.[2] On remand, Clark filed an unopposed motion to extend the time to file a notice of appeal, in which counsel explained that, in calculating the time available, he had incorrectly applied Federal Rule of Criminal Procedure 45(a), the time-computation rule applicable to motions and applications before the district court, rather than Federal Rule of Appellate Procedure 26(a), the time-computation rule applicable to notices of appeal.[3] The district court denied Clark's motion. Asserting that the excusable neglect standard is "a strict one," the district court concluded that "a failure to understand and comply with the rules governing appeals will virtually never qualify as excusable neglect" under Rule 4(b).

Clark then filed an unopposed motion for reconsideration, in which he argued that counsel's misreading of the rules was at least partly a result of an "ambiguity in the structure of the federal rules." Clark also pointed out that the fault was entirely counsel's and that the delay was insubstantial and had not prejudiced the government. In an order dated March 16, 1994, the district court denied Clark's motion for reconsideration. Clark now appeals.

### Discussion

◼ Clark contends that the district court applied the wrong standard in determining whether the neglect of his counsel was excusable under Federal Rule of Appellate Procedure 4(b). Clark maintains that the Supreme Court's decision in *Pioneer Inv. Services, Co. v. Brunswick Assocs. Ltd. Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), not cited by the district court, abrogates this Circuit's prior case law strictly interpreting excusable neglect.[4] *See, e.g., Allied Steel v. City of Abilene*, 909 F.2d 139, 142 (5th Cir.1990); *Campbell v. Bowlin*, 724 F.2d 484, 486–88 (5th Cir.1984). In particular, Clark argues that the district court's statement that mistakes of law "virtually never qualify as excusable neglect" conflicts with *Pioneer* to the extent that decision holds that a misconstruction of the rules is not necessarily an invalid excuse.[5]

In *Pioneer*, the Supreme Court flexibly interpreted the excusable neglect standard of Bankruptcy Rule 9006(b)(1), which allows a bankruptcy court to permit a late filing of proofs of claim if the movant's failure to comply with an earlier deadline was the result of excusable neglect. The Court rejected the argument that excusable neglect was limited to errors caused by circumstances beyond the late-filing party's control, concluding that the concept of neglect is "somewhat elastic" and may include "inadvertent delays." *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1496. The Court was careful to note, however, that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect. . . ."

1. Rule 4(b) requires a defendant in a criminal case to file a notice of appeal within ten days after "the entry either of the judgment or order appealed from, or of a notice of appeal by the Government." *Id.* In this case, the final day for filing a notice of appeal was January 18, 1994, because the tenth day was a legal holiday. Fed. R.App.P. 26(a).

2. Because Clark's notice of appeal, though late, was within Rule 4(b)(4)'s thirty-day window, this Court construed Clark's notice of appeal as a motion for a determination whether excusable neglect entitles the defendant to an extension of time on appeal, citing *United States v. Golding*, 739 F.2d 183, 184 (5th Cir.1984).

3. Clark's counsel understood that he had ten days to file a notice of appeal. In computing the ten-day period, however, he incorrectly excluded weekends. Federal Rule of Appellate Procedure 26(a) excludes weekends only if the time "prescribed or allowed" is less than seven days. In contrast, Federal Rule of Criminal Procedure 45(a), the rule counsel relied on, excludes weekends only if the time "prescribed or allowed" is less than eleven days.

4. Both sides concede that they did not cite *Pioneer* to the district court.

5. Under either standard, the district court's finding is reviewed for abuse of discretion. *See Pioneer*, —— U.S. at ——, 113 S.Ct. at 1500; *United States v. Lewis*, 522 F.2d 1367, 1369 (5th Cir.1975), *cert. denied*, 429 U.S. 863, 97 S.Ct. 168, 50 L.Ed.2d 142 (1976).

*Id.* In determining whether a party's neglect is excusable, the Court emphasized the equitable nature of the inquiry, which takes into account the following circumstances:

> "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at —, 113 S.Ct. at 1498.

The Court then found excusable neglect because the late-filing party's failure to meet the deadline was attributable at least in part to a "dramatic ambiguity" in the bankruptcy court's peculiar, misleading, and inconspicuous notification of the bar date. *Id.* at —, 113 S.Ct. at 1500. The other factors also supported a finding of excusable neglect. *Id.*

■ We agree with Clark that *Pioneer* controls determinations of excusable neglect under Rule 4(b). In *United States v. Evbuomwan,* No. 93–1738 at 4 (5th Cir. Sept. 8, 1994), *reported at* 36 F.3d 89 (5th Cir.1994) (table), an unpublished opinion, this Court held that *Pioneer* applies to a Rule 4(b) finding of excusable neglect. We follow that holding today and note the agreement of the only other Circuit that has considered this exact question. *See United States v. Hooper,* 9 F.3d 257, 259 (2d Cir.1993).[6] We also note the uniformity of the Circuits in extending *Pioneer* beyond the context of bankruptcy. *See City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994) (Fed.R.App.P. 4(a)), *cert. denied,* — U.S. —, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995); *Kyle v. Campbell Soup Co.,* 28 F.3d 928, 931 (9th Cir.) (Fed.R.Civ.P. 6(b)), *cert. denied,* — U.S. —, 115 S.Ct. 185, 130 L.Ed.2d 119 (1994); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2nd Cir.1994) (Fed.R.App.P. 4(a)).

The change in our case law made by *Pioneer* is, however, more subtle than dramatic. This Circuit recognized before *Pioneer* that, "under proper circumstances," Rule 4(b)'s excusable neglect provision encompasses "ignorance or neglect of counsel in filing late notices of appeal." *United States v. Lewis,* 522 F.2d 1367, 1369 (5th Cir.1975). Nevertheless, *Pioneer* does allow somewhat more room for judgment in determining whether mistakes of law are excusable than does the strict standard for excusable neglect espoused by some of our prior decisions. *See, e.g., Allied Steel,* 909 F.2d at 142. We recognized *Pioneer*'s flexibility in *Evbuomwan.* There, defense counsel "had failed to timely file the notice of appeal due to his misinterpretation of Fed.R.App.P. 26(c) (three extra days to respond to papers served by mail)." Op. at 3. The other *Pioneer* factors, furthermore, weighed in the defendant's favor. *Id.* at 5. The district court found the neglect excusable, and we affirmed, holding that the district court did not abuse its discretion under *Pioneer. Id.*

To the extent, then, that our prior decisions strictly interpret excusable neglect in conflict with *Pioneer,* they are disapproved. Accordingly, we remand this matter to the district court to reconsider Clark's motion under the standard announced in *Pioneer.* In so doing, however, we do not hold that it would be an abuse of discretion for the district court, on remand, to find no excusable neglect on these facts. As Clark conceded at oral argument, this is a garden variety criminal appeal; there was nothing complicated or novel about the procedural posture of the case, and noticing an appeal here required nothing unusual or difficult. The applicable rules are, furthermore, unambiguous, and whatever confusion Clark's counsel may have suffered because of these rules, we clearly cannot say that his confusion mandates a finding of excusable neglect as a matter of law. *See United States v. Hooper,* 43 F.3d 26, 29 (2d Cir.1994); *Kyle,* 28 F.3d at 930–32; *Weinstock,* 16 F.3d at 503. Unlike *Pioneer,* there is simply no dramatic ambiguity in this case which would mandate such an extraordinary determination.

---

6. *Pioneer* rejects the notion that excusable neglect can be based on the fact that the default in question was attributable to counsel rather than to the represented party. *Id.,* — U.S. at —, 113 S.Ct. at 1499. Accordingly, we reject Clark's argument that there was excusable neglect because any fault was that of his counsel, not of his own personally. We also reject the contention that this aspect of *Pioneer* does not apply to court-appointed counsel.

## Conclusion

For the foregoing reasons, we VACATE and REMAND.