United States Court of Appeals,

Fifth Circuit.

No. 95-50201

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Rosendo MONTES, Defendant-Appellant.

Sept. 26, 1995.

Appeal from the United States District Court for the Western District of Texas;  James R. Nowlin, Judge.

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:

Rosendo Montes ("Montes") appeals from the district court's denial of Montes' motion to file a late notice of appeal from the district court's order denying him a one-level decrease for the acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).  The district court, relying upon *United States v. Awalt,* 728 F.2d 704, 705 (5th Cir.1984), rejected Montes' argument that failure to receive notice constituted "excusable neglect" under Fed.R.App.P. 4(b).  Because the district court did not have the benefit of a recent decision which modifies the holding in *Awalt,* we vacate and remand the order denying Montes' motion.

BACKGROUND

In March of 1993, Montes pleaded guilty to conspiracy to possess with the intent to distribute marijuana and aiding and abetting money laundering.  He was sentenced to concurrent sentences of 210 months for each offense, three years of supervised

release, a $20,000 fine, and a $100 special assessment. This court affirmed his conviction on direct appeal but remanded the case to the district court for a determination of whether Montes was entitled to an additional one-point reduction for acceptance of responsibility.

On remand, the district court issued a written judgment denying an additional one-point reduction for acceptance of responsibility. Montes filed a motion for leave to file a notice of appeal out-of-time, alleging that he did not receive notice of the entry of the district court's order. The district court denied Montes' motion, holding that the delay in filing the notice of appeal was not due to excusable neglect. Montes timely filed a notice of appeal of the district court's order denying his motion for leave to file a notice of appeal out-of-time.

## DISCUSSION

Rule 4(b) provides that where a criminal defendant's notice of appeal is not made within the prescribed ten-day period, "[u]pon a showing of excusable neglect the district court may ... extend the time for filing a notice of appeal." Fed.R.App.P. 4(b). The district court considered and rejected Montes' claim that his failure to receive notice constituted excusable neglect. The district court, quoting *Awalt,* stated that "case law establishes that lack of notice "is not a basis for a plea of excusable neglect and does not excuse noncompliance with Rule 4(b).' "

The district court correctly applied the law of this circuit as it existed at the time of its order. However, since that time

2

this circuit has enunciated a different standard for determining when "excusable neglect" exists. The Supreme Court, reviewing the excusable neglect standard of Bankruptcy Rule 9006(b)(1), chose to adopt a more permissive standard for determining when excusable neglect exists. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership,* --- U.S. ----, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). This court subsequently extended the Supreme Court's interpretation of "excusable neglect" in *Pioneer* to Fed.R.App.P. 4(b). *United States v. Clark,* 51 F.3d 42 (5th Cir.1995).

In *Clark,* we stated that "*Pioneer* does allow somewhat more room for judgment in determining whether mistakes of law are excusable than does the strict standard for excusable neglect espoused by some of our prior decisions." *Id.* at 44. We also expressly disapproved our prior decisions that had strictly interpreted excusable neglect, to the extent they conflicted with *Pioneer. Id.* at 44.

## CONCLUSION

In light of the fact that the court below did not have the benefit of our decision in *Clark,* we remand this case for reconsideration by the district court of its order denying Montes' motion to file a late notice of appeal. In no way does our opinion address whether the facts of this case constitute "excusable neglect." For the foregoing reasons, we VACATE and REMAND.