**TEXAS HOUSING AGENCY, n/k/a Texas Department of Housing and Community Affairs**

v.

**VEREX ASSURANCE, INC.**

No. 4:89–CV–515–Y.

United States District Court, N.D. Texas, Fort Worth Division.

Jan. 12, 1998.

William Claude Davidson, Minter, Joseph & Thornhill, Austin, TX, for Plaintiff.

William Louis Kirkman, Bourland, Kirkman, Seidler & Evans, Fort Worth, TX, for Defendant.

## ORDER DENYING MOTION TO RECONSIDER

MEANS, District Judge.

Pending before the Court is Plaintiff's Motion to Reconsider Order Denying Motion to Extend Time for Filing Motion for Approval of Attorney's Fees and Brief in Support, which was filed in this cause on November 26, 1997. Defendant filed a response in opposition to the motion on December 16, and Plaintiff filed a reply to Defendant's response on December 30. After review of the foregoing documents, the record in this cause, and the applicable law, the Court finds that Plaintiff's Motion to Reconsider should be denied.

Plaintiff's motion seeks reconsideration of this Court's order denying Plaintiff's motion requesting an extension of time to file a motion for approval of attorney's fees under Federal Rule of Civil Procedure 54(d)(2). Rule 54(d)(2) requires that a motion for approval of attorney's fees be filed within fourteen days of the entry of judgment. Plaintiff initially filed such a motion within the fourteen-day period, but that motion was stricken due to Plaintiff's failure to comply with the local rules of this Court. Specifically, Plaintiff failed to comply with local rule 7.1(d), which requires that every opposed motion "be accompanied by a brief setting forth the movant's contentions of fact and law ...." Because Plaintiff waited until near the end of the fourteen-day period to file its Rule 54(d)(2) motion, Plaintiff apparently did not receive the Court's order striking the motion until after Rule 54(d)(2)'s fourteen-day period expired.

■ As a result, Plaintiff filed its Motion to Extend Time, requesting therein that the Court grant Plaintiff an extension of time within which to file its Rule 54(d)(2) motion. Plaintiff's Motion to Extend Time wholly failed to address the applicable standard of review of its request for an extension of time.[1] Plaintiff did, however, attempt to explain its failure to file a properly supported Rule 54(d)(2) motion within the fourteen-day period prescribed by the rule:

The reason that a brief was not filed with the Motion [for Approval of Attorney's Fees] was not through conscious indifference nor an intentional violation of the Rules, but under the belief that, since the Court had directed the Plaintiff to file a motion pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, there were no contested issues of law to be briefed for the benefit of the Court in support of the Motion.

---

1. Indeed, upon re-review of same, the Court believes that the Motion to Extend Time also should have been stricken due to Plaintiff's failure to comply with local rule 7.1(d), in that the motion fails to contain any contentions of law or citations to authority in support of the motion.

(Pl.'s Mot. to Extend Time at ¶ 5.) Defendant filed a response in opposition to the Motion to Extend Time, pointing out that Plaintiff's request was governed by Federal Rule of Civil Procedure 6(b). That rule provides that an extension of time may be granted if the failure to act within a period prescribed by the federal rules is the result of excusable neglect. Defendant also contended that Plaintiff's failure to file the brief with the original motion did not rise to the level of excusable neglect, given that the local rules of this Court clearly and unambiguously required that a brief accompany the motion. Defendant also noted that, contrary to the belief of Plaintiff's counsel, there are several issues of law to be addressed in determining whether Plaintiff is entitled to attorney's fees in the amount requested.[2] Plaintiff did not file a reply to Defendant's response. After review of the motion and response, the Court issued its order denying Plaintiff's Motion to Extend Time.

Plaintiff now seeks reconsideration of that order and for the first time has provided the Court with legal argument and citations specifically addressing the excusable neglect issue. Review of the cases cited by Plaintiff reveals, however, that the denial of Plaintiff's Motion to Extend was not erroneous.

Plaintiff cites *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), in which the Supreme Court held that in determining whether to extend time based upon excusable neglect under Bankruptcy Rule 9006(b)(1), "all relevant circumstances surrounding the party's omission" should be taken into consideration, "includ[ing] ... the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable

control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. at 1498. As previously pointed out by Defendant, however, the burden of establishing excusable neglect was Plaintiff's. *Cf. Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981) (holding that the burden of establishing excusable neglect for the failure to file a timely notice of appeal under Federal Rule of Appellate Procedure 4(a) is on the appellant). Plaintiff's Motion to Extend Time wholly failed to specifically address the factors enunciated in *Pioneer*. Furthermore, Plaintiff failed to allege any facts relevant to consideration of the first two factors; indeed, the only allegation related to the excusable neglect issue included in Plaintiff's Motion to Extend Time is the assertion that a brief was not included with Plaintiff's timely filed Rule 54(d)(2) motion because counsel believed it unnecessary.

The Court in *Pioneer* recognized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect...." 507 U.S. at 391, 113 S.Ct. at 1496. Nevertheless, it found that excusable neglect existed in that case because consideration of all of the relevant factors militated in favor of such a finding and because notification of the deadline at issue in that case and of its importance, which was provided to counsel by the bankruptcy court, suffered from a "dramatic ambiguity." *Id.* at 398, 113 S.Ct. at 1500. In a subsequent Fifth Circuit case which was also cited by Plaintiff, the Fifth Circuit ordered remand for consideration of the *Pioneer* factors, but noted that on remand, the district court would not abuse its discretion in finding a lack of excusable neglect because the applicable rules and their significance were unambiguous, unlike as in *Pioneer*. *United States v. Clark*, 51 F.3d 42, 44 (5th Cir.1995).

Similarly, the applicable rules in this case, specifically, Rule 54(d)(2)'s fourteen-day time

---

**2.** These issues include, as pointed out by Defendant, the reasonableness, as defined by applicable law, of the amount of fees requested by Plaintiff regarding the Abbott loan and whether segregation of these fees from those incurred regarding the Anderson and Newhouse loans is required. The Court notes that neither the brief in support of the Motion for Approval of Fees submitted for filing when Plaintiffs' Motion to

Extend Time was filed (the original and copy of which were returned to Plaintiff's counsel when the Motion to Extend Time was denied) nor the brief filed with Plaintiff's November 26 Motion for Approval of Attorney's Fees (which motion was denied by the Court contingent upon the outcome of the pending Motion for Reconsideration at issue in this order) address these issues.

period and local civil rule 7.1(d)'s requirement of a brief on all opposed motions, are unambiguous. Though Plaintiff's counsel's failure to apprehend that a brief was needed with his original motion may have constituted neglect, that does not necessarily mean that neglect was excusable. Indeed, it appears to the Court that this situation falls into the category of "mistakes construing the rules" that the Pioneer Court recognized did not generally rise to the level of excusable neglect. Furthermore, as previously mentioned, Plaintiff wholly failed to demonstrate in its Motion to Extend Time that consideration of all of the factors enunciated in *Pioneer* militates in favor of granting the requested extension.[3]

Thus, for all of the foregoing reasons, the Court finds that Plaintiff's Motion to Extend Time did not sufficiently demonstrate that Plaintiff's failure to file a properly supported Rule 54(d)(2) motion within the required time period was the result of excusable neglect. As a result, Plaintiff's Motion to Reconsider the order denying that motion lacks merit.

It is, therefore, ORDERED that Plaintiff's November 26 Motion to Reconsider Order Denying Motion to Extend Time for Filing Motion for Approval of Attorney's Fees [document number 155–1] is hereby DENIED.

SO ORDERED.

---

**3.** Plaintiff's belated attempt to address these factors in its Motion to Reconsider is untimely.