IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41169
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO D. TILMAN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CV-144
- - - - - - - - - -

June 4, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ricardo Tilman filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody on April 29, 1997.  The district court denied this motion as barred by the statute of limitations on October 31, 1997.  On April 27, 1998, Tilman, through counsel, filed a motion to accept notice of appeal nunc pro tunc asserting that she had not received notice of the October 31, 1997, final judgment until April 13, 1998.  The district court found that the motion was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brought under Fed. R. App. P. 4(a)(6), but was not filed within seven days of receipt of notice of the entry of the October 31, 1997, judgment.

Tilman has filed a motion for COA with this court. As the denial of the motion to reopen the time of appeal is not the final order in a proceeding under § 2255, a COA is not necessary for this appeal. See 28 U.S.C. § 2253(c)(1)(B). The motion for COA is DENIED as unnecessary.

The district court may reopen the time for appeal for a period of 14 days from the date of the order reopening the time of appeal, if a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, no party is prejudiced, and a motion is filed within 180 days of entry of the judgment or order or seven days of receipt of notice, which ever is earlier. Rule 4(a)(6). We review a ruling on a motion to extend the period for filing and notice of appeal pursuant to Rule 4(a) for abuse of discretion. United States v. Clark, 51 F.3d 42, 43 (5th Cir. 1995).

Tilman's counsel admits and the record verifies that she received notice of the October 31, 1997, judgment on April 13, 1998, via facsimile machine (fax). Tilman had seven days, excluding weekends and holidays, following receipt of notice of the entry of judgment to file his motion to reopen. Fed. R. App. P. 4(a)(6); Fed. R. Civ. P. 6(a). Tilman argues that he was entitled to an additional three days under Fed. R. Civ. P. 6(e), Additional Time After Service by Mail. The three day mailing

extension does not apply because rule 4(a)(6) does not require that any action be taken following notice which was served by mail. See Fed. R. Civ. P. 6(e). Rule 4(a)(6) does not state the time limits in terms of notice after service, but in terms of receipt of notice. The specific language of the rule allows that the time does not begin to run until the notice of entry of judgment is received regardless of the manner of transmission. As it is admitted that notice was received on April 13, 1998, the district court did not abuse its discretion in finding that the filing of the motion 14 days later on April 27, 1998, was untimely.

AFFIRMED.