IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60034

Summary Calendar
_____


BARBARA COWART; A J DURBANO,

Plaintiffs-Appellants,

versus

INGALLS SHIPBUILDING

Defendant-Appellee


_____

Appeal from the United States District Court
For the Southern District of Mississippi
No. 1:97-CV-371-GR
_____

August 4, 1999


Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

The notice of appeal in this case was filed on October 15, 1998, thirty-one days after the entry of final judgment by the district court. The rule allows only thirty days. See Fed. R. App. P. 4(a)(1). On October 16, the plaintiffs filed a motion for leave to file the appeal out of time. They explained that a paralegal was to have filed the notice of appeal three days before

    [*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

the deadline, but failed to do so when her son was involved in a serious automobile accident.  They also assert that one of the two attorneys on the case ordinarily would have followed up to make sure the document was properly filed, but did not do so because he was busy with two other federal cases at the time.

The district court denied the motion to file out of time, and this alone is before us now. "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed. R. App. P. 4(a)(5).  We have held that appellants are entitled to make a "good cause" showing only if a motion for extension of time is filed before the initial thirty-day appeal period expires.  See Allied Steel, Gen. Contractor v. City of Abilene, 909 F.2d 139, 143 n.3 (5th Cir. 1990), disapproved by on other grounds, United States v. Clark, 51 F.3d 42, 44 (5th Cir. 1995).  Thus, only "excusable neglect" is at issue here.

The Supreme Court offered a helpful explication of "excusable neglect" in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).  Although that case involved Bankruptcy Rule 9006(b)(1), the Court drew on a number of legal provisions containing the "excusable neglect" standard.  See id. at 392-94.  We have responded by importing Pioneer's analysis of "excusable neglect" into non-bankruptcy contexts, including Rule 4(a).  See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 468 (5th Cir. 1998); see also Clark, 51 F.3d at 44 (Rule 4(b)).

2

Pioneer held that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." 507 U.S. at 394. The Court recognized "a range of possible explanations for a party's failure to comply with a court-ordered filing deadline." Id. at 387. "At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforseeable human intervention. At the other, a party simply may choose to flout a deadline." Id. at 387-88. The ultimate question is an equitable one, taking into account "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 394.

The district court did not directly address the first two of these factors concerning the effect of the late filing, even though the Supreme Court apparently rejected the dissenters' position that only the cause of the delay should matter. See id. at 403 (O'Connor, J., dissenting). Filing the notice of appeal was within the reasonable control of the movant, the district court found, because the attorneys could have filed it themselves. The cause of the paralegal's failure to file was thus thought irrelevant.

If the district court's ruling were to stand, attorneys would risk procedural default by delegating the task of filing pleadings to even the most reliable subordinates. On the district court's reasoning, an attorney's theoretical ability to file a pleading

3

personally weighs so heavily in the equitable calculus that even if there is no prejudice from a late filing, the failure to file on time is necessarily inexcusable. We cannot turn a blind eye to the reality that legal pleadings are routinely filed by nonlawyers and that this division of labor makes economic sense. Privileging a lawyer's family emergency over a paralegal's would turn attorneys into highly paid messengers.

The district court's ruling on this matter can be upset only for abuse of discretion. See Halicki, 151 F.3d at 470. If real prejudice occurred as a result of the late filing, we would not overturn a district court's determination that this outweighed an attorney's good faith in believing that a pleading was properly filed. Here, though, there was but a one-day delay, and no prejudice has been alleged. That the appellants' lawyers in theory could have filed the pleading themselves or personally verified that it had been properly filed does not tip the balance enough, if it tips the balance at all, to compensate for this lack of prejudice. Even is such conduct is negligent, it is excusable given the financial and organizational structure of modern law firms.

We REVERSE the district court and ORDER that briefs on the merits be filed according to the usual procedures.