IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10649
Conference Calendar

_____

JEFF LEGGETT,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; DARWIN
SANDERS, Warden,

Respondents-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:95-CV-310
- - - - - - - - - - -
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jeff Leggett, Texas prisoner # 590716, moves this court for a certificate of appealability (COA), following the district court's dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2254. Because Leggett's notice of appeal was untimely, the only issue before the court is whether the district court abused its discretion by denying Leggett's request to file a late notice of appeal based upon excusable neglect. See United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>v. Clark</u>, 51 F.3d 42, 43 n.5 (5th Cir. 1995)(setting forth the standard for review of excusable-neglect finding).

Leggett's argument that his request to file a late notice of appeal should have been granted because he relied upon the assertions of his "agent" that the habeas proceedings were being held in abeyance is unavailing.  The district court's final judgment dismissing Leggett's habeas petition put him on notice that the 30-day appeal period under Fed. R. App. P. 4(a)(1)(A) had begun to run.  Additionally, Leggett's argument that his time to appeal did not begin to run until after he received notice of the district court's final judgment of dismissal is legally incorrect.  <u>See</u> Fed. R. App. P. 4(a)(1)(A).

Leggett fails to show that the district court abused its discretion by denying his request to file a late notice of appeal based upon excusable neglect, and the appeal therefore is DISMISSED for lack of jurisdiction.  Leggett's motions for a COA, injunctive relief, and permission to supplement the record are DENIED because of the lack of appellate jurisdiction.

APPEAL DISMISSED; MOTIONS DENIED.