# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-6472

DONELL MYERS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CR-95-152)

Submitted: May 14, 2002

Decided: May 31, 2002

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Donell Myers, Appellant Pro Se. Sean Kittrell, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Donell Myers seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C.A. § 3582(c)(2) (West 2000), based upon Amendment 599 to the sentencing guidelines. At the outset, we must determine whether Myers timely filed his notice of appeal. In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985). Where excusable neglect is apparent from the face of record, we need not remand the case to the district court for such determination. *Reyes*, 759 F.2d at 354.

The district court entered its order on the criminal docket on February 7, 2002, *see* Fed. R. App. P. 4(b)(6); the ten-day appeal period expired on February 18, 2002.* Myers dated the notice of appeal February 20, and it was received in this court on March 4, 2002. *See* Fed. R. App. P. 4(d). Myers' notice of appeal was, therefore, filed beyond the ten-day appeal period but within the excusable neglect period. We find that excusable neglect appears on the face of the record. *Reyes*, 759 F.2d at 354; *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (discussing factors in determining whether excusable neglect exists); *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (holding that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)"). Thus, we have jurisdiction over Myers' appeal.

Turning to the merits of Myers' claims, we have reviewed the record and the district court's order and find no reversible error. Accordingly, we affirm on the reasoning of the district court. *United States v. Myers*, No. CR-95-152 (D.S.C. Feb. 7, 2002). We dispense

---

*The ten-day period expired on Sunday, February 17, 2002. Thus, Myers had until Monday, February 18, to timely file his notice of appeal. Fed. R. App. P. 26(a)(3).

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*