**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 03-6247**

————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

AMOS CEDRIC DIXON,

                              Defendant - Appellant.

————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville. Margaret B. Seymour, District Judge.
(CR-98-520, CA-02-2800-6-24)

————————

Submitted:  July 22, 2003          Decided:  August 25, 2003

————————

Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

Amos Cedric Dixon, Appellant Pro Se.  Arthur Bradley Parham, OFFICE
OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for
Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Amos Cedric Dixon, a federal prisoner, appeals the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2000), based upon Amendment 599 to the Sentencing Guidelines. At the outset, we must determine whether Dixon timely filed his notice of appeal. In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Where excusable neglect is apparent from the face of record, we need not remand the case to the district court for such determination. Reyes, 759 F.2d at 354.

The district court entered its order on the criminal docket on January 2, 2003, see Fed. R. App. P. 4(b)(6); the ten-day appeal period expired on January 16, 2003. Dixon dated his notice of appeal January 28, and it was filed on February 6, 2002. Dixon's notice of appeal was, therefore, filed beyond the ten-day appeal period but within the excusable neglect period. Because the district court's order denying relief misinforms Dixon that he had thirty days in which to note his appeal, we find excusable neglect appears on the face of the record. See Reyes, 759 F.2d at 354; see

2

also <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 388 (1993) (discussing factors relevant in determining whether excusable neglect exists); <u>United States v. Clark</u>, 51 F.3d 42, 44 (5th Cir. 1995) (holding "<u>Pioneer</u> controls determinations of excusable neglect under Rule 4(b)"). Thus, we have jurisdiction over Dixon's appeal.

Turning to the merits of Dixon's appeal, we have reviewed the record and the district court's order and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. <u>See</u> <u>Dixon v. United States</u>, Nos. CR-98-520, CA-02-2800-6-24 (D.S.C. Aug. 21, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3