# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2010

No. 09-40091

Lyle W. Cayce
Clerk

ROGER STEVEN MCCARTY,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CV-60

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

We review the district court's order denying Petitioner Roger Steven McCarty's second motion for an extension of time ("Motion") to file objections to the magistrate judge's report and recommendation ("R&R"). The district court has granted a Certificate of Appealability as to whether the district court abused its discretion in denying Petitioner's Motion. Finding no abuse of discretion, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40091

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on May 17, 2007. The magistrate judge issued an R&R to dismiss the case on August 18, 2008. Petitioner received the R&R two days later. The R&R stated that Petitioner had ten days to file any objections. On August 25, 2008, the court received Petitioner's first motion for extension of time, which the court granted in part, granting Petitioner until September 8, 2008, to file any objections. The court stated in that order that no further extensions would be permitted. On September 16, 2008, Petitioner filed the instant Motion, seeking additional time to file objections to the R&R.

Petitioner avers that the prison in which he was located went into its "biannual lockdown shakedown" on September 2, 2008, six days before the court's deadline for objections. Petitioner further avers that Hurricane Ike hit shortly after the lockdown, knocking out power in the facility. Because of the alleged lockdown in his prison and the subsequent effects of Hurricane Ike, Petitioner avers he was unable to access the prison's library system or legal materials from September 2, 2008, until at least September 20, 2008, when the lockdown ended and power was restored. Consequently, Petitioner argues that the district court denied him "meaningful access to the courts" by refusing to grant his Motion for an extension of time.

Rule 6(b) of the Federal Rules of Civil Procedure states in relevant part:

(b) Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court *may*, for good cause, extend the time:
>> . . .
>> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b) (emphasis added).

The permissive language of Rule 6(b) shows that any grant of an extension of time for when an act must be done falls to the district court's discretion. *See*

No. 09-40091

*Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (reviewing court's denial of an extension of time under Rule 6(b) for abuse of discretion). Moreover, any grant of an extension that is filed after the time for a response has expired may only be granted upon a finding of excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B). Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b). *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98, 110 S. Ct. 3177, 3191-93 (1990).

We note that "excusable neglect" is an "elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1993). The determination of what is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S. Ct. at 1498*; see also United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (applying the *Pioneer* standard of "excusable neglect" to criminal cases involving Rule 4(b)); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (applying *Pioneer* to Rule 6(b)) (cited approvingly in *Clark*, 51 F.3d at 44).

In the instant case, we find neither good cause nor excusable neglect, nor do we otherwise find that the district court abused its discretion denying Petitioner's Motion. Assuming Petitioner's averments to be true regarding a prison lockdown and subsequent power failure, Petitioner nevertheless had from August 20, 2008 to September 2, 2008 to access the prison library systems. In addition, the district court noted that Hurricane Ike did not hit the Texas coast until September 12, 2008. Accordingly, there was no power outage caused by Hurricane Ike that prevented Petitioner from finishing his objections by the court's deadline of September 8, 2008.[1]

---

[1] Apparently, neither the prison lockdown nor the subsequent power outage prevented Petitioner from filing his second Motion for extension of time, as the court received the Motion a day before the alleged lockdown ended but eight days after the extended deadline for

3

No. 09-40091

Moreover, the district court explicitly stated that it would grant no additional extensions of time after granting Petitioner's first motion for additional time. Despite this, and rather than attempt to file objections to the magistrate judge's R&R once the lockdown was over and power was restored, Petitioner filed a second Motion seeking an additional thirty days to prepare his objections. Petitioner then filed no substantive objections to the R&R until October 20, 2008, a month after power (and presumably library privileges) was restored.[2] These circumstances do not so much show excusable neglect as they show a party seeking to set his own deadlines.

Petitioner also argues that he assumed the district court's order granting his first motion for extension of time contained a typographical error, which should have allowed him until September 28, 2008 to file objections. This argument is wholly without merit. The district court's deadline was clear in the order. All other motions denied.

AFFIRMED.

---

objections. Therefore, even if Petitioner had valid grounds to seek additional time, he was unimpeded from doing so before the expiration of the court's second extended deadline. Petitioner nonetheless failed to do so.

[2] The district court stated the following regarding Petitioner's objections to the R&R that Petitioner included as an appendix to his "Motion to Expand the Record":

> Petitioner basically rehashes the same arguments raised in his Response to Defendants' Motion for Summary Judgment. These issues were adequately and correctly analyzed by Magistrate Judge Saldana, whose findings of fact and conclusions of law were adopted by this Court. The Court again considered the issues when it denied Petitioner's motion to alter or amend the judgment.

Because Petitioner failed to raise any new arguments in his out-of-time motions for review of the R&R, and because the district court in fact considered Petitioner's arguments despite them being out of time, we find any purported abuse of discretion to be harmless error.

4