# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2013

Lyle W. Cayce
Clerk

No. 12-40967
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS OCHOA-SILVA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2730-1

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Ochoa-Silva, federal prisoner # 58163-179, pleaded guilty in 2006 to possession with intent to distribute over 100 kilograms of marijuana and was sentenced to 108 months of imprisonment and five years of supervised release. Ochoa-Silva now moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order denying his motion to modify or reduce his sentence, challenging the district court's certification that his appeal was not taken in good faith pursuant to *Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  To obtain leave to proceed IFP on appeal, Ochoa-Silva must show that he is a pauper and that he will present a nonfrivolous issue for appeal.  *See Carson v. Polley,* 689 F.2d 562, 586 (5th Cir. 1982).

This court must examine the basis of its jurisdiction, sua sponte, if necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  Ochoa-Silva's motion should have been construed as one brought under 28 U.S.C. § 2255.  Federal habeas proceedings are civil in nature, and "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case in which the United States is a party must be filed within 60 days after the judgment or order being appealed is entered.  If a party files a Rule 59 or Rule 60 motion no later than 28 days after the judgment or order being appealed is entered, the time to file an appeal runs from the entry of the order disposing of the motion.  FED. R. APP. P. 4(a)(4)(A)(vi).

The district court's order denying the original motion was entered on March 21, 2012.  The 60th day was May 21, 2012.  Ochoa-Silva's second motion, in which he asserted that he had not received notice of entry of the order, was filed on June 28, 2012.[1]  Thus, the district court would have had the authority to extend the period for filing a notice of appeal under FED. R. APP. P. 4(a)(5) or (6), but as the court noted, the appeal would have been frivolous.  The district court's order denying the second motion was entered on July 5, 2012.

Ochoa-Silva filed his third motion seeking reconsideration on July 20, 2012.  Because it was filed within 28 days of July 5, it had the effect of suspending the time for filing a notice of appeal from that order.  *See* FED. R. CIV. P. 59(e); FED. R. APP. P. 4(a)(4)(A)(iv) or (vi).  The district court denied Ochoa-Silva's third motion in an order entered on July 31, 2012.  Ochoa-Silva

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

filed his notice of appeal on August 8, 2012. The notice of appeal is timely as to the second and third orders but not the original order.

In his IFP motion, Ochoa-Silva states that he would like this court to review the enhancement of his sentence based on 900 kilograms of marijuana when he pleaded guilty to 300 kilograms. He argues in his brief that this additional quantity of marijuana was not foreseeable to him and should not have been used to increase his sentence under the relevant conduct guideline, U.S.S.G. § 1B1.3. He also argues that his counsel was ineffective for allowing the enhancement and for not investigating before counseling him to plead guilty.

The notice of appeal was not timely as to the order denying his original motion on the merits. Ochoa-Silva's arguments are directed to the order denying his motion to modify his sentence, which order is not the subject of this appeal. He does not argue the issue concerning the lack of notice of the entry of the district court's order and the deprivation of the opportunity to file a timely notice of appeal raised in his second motion, which the district court properly construed as a request for an extension of time to file a notice of appeal. Thus, Ochoa-Silva has not briefed the issue presented by the denial of his second motion, whether the district court abused its discretion in denying his request for an extension of time to file his notice of appeal. *See United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995) (holding that district court's finding on excusable neglect is reviewed for abuse of discretion). Therefore, he has abandoned that issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Ochoa-Silva's third motion for reconsideration can be liberally construed as a Rule 60(b) motion from the denial of the original motion. The third motion addresses the lack of notice of the entry of the March 21 order and also raises the relevant conduct issue. The notice of appeal is timely as to the denial of the third motion for reconsideration, and the issue is whether the district court abused its discretion in denying Ochoa-Silva's Rule 60(b) motion for

reconsideration as to the original motion. *See Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010).

In his brief, Ochoa-Silva does not argue that the district court's order denying his motion for reconsideration was an abuse of discretion. His arguments are directed to the merits of the denial of his original motion. To the extent that his arguments can be construed as a challenge to the denial of Rule 60(b) relief, the district court did not abuse its discretion in determining that his motion for reconsideration was frivolous. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). We note that Ochoa-Silva did not raise ineffective assistance of counsel in his original motion, and in fact specifically denied that he was raising such a claim.

The district court's certification that Ochoa-Silva's appeal is not taken in good faith is upheld, Ochoa-Silva's motion for IFP is denied, and this appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.