# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60402
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONARD LASHUNN BRADLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CR-7-1

Before KING, DENNIS, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Leonard Lashunn Bradley appeals the denial of his motion for an extension of time in which to file a notice of appeal. In January 2019, Bradley was on supervised release imposed as part of his sentence for a 2009 conviction for trafficking in cocaine base. He admitted violating conditions of supervised release by being arrested by local police for possessing child pornography. His supervised release was revoked, and he was sentenced to 24 months in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60402

Bradley sought a reduction of the revocation sentence based on § 404 of the First Step Act of 2018, 124 Stat. 2372.  The district court denied the motion on the grounds that the First Step Act did not permit a further reduction because Bradley's sentence was previously reduced under the Fair Sentencing Act of 2010 and that the First Step Act does not allow the reduction of a sentence imposed on revocation of supervised release.

Bradley had been proceeding pro se and did not file a notice of appeal from the denial of a sentence reduction.  He was still proceeding pro se when the Federal Public Defender (FPD) appeared and filed a notice of appeal on his behalf five days after the appeal period expired.  According to the FPD, the Assistant FPD handling First Step Act cases did not receive notice of Bradley's motion until the appeal period had expired, although Assistant FPDs at another Mississippi office received timely notice.  The district court denied the motion for an extension of time, and the appeal of that denial is before us.

A notice of appeal in a criminal case must be filed within 14 days of the entry of the order being appealed.  FED. R. APP. P. 4(b)(1)(A).  However, if the district court finds "excusable neglect or good cause," it may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the [14-day period time]."  FED. R. APP. P. 4(b)(4).  A ruling on excusable neglect is reviewed for an abuse of discretion under the standard set forth in *Pioneer Inv. Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395-97 (1993).  *United States v. Clark*, 51 F.3d 42, 43-44 & n.5 (5th Cir. 1995).  A district court abuses its discretion by making a legal error, basing its decision on a clearly erroneous assessment of evidence, or by failing to consider factors that it is required by law to examine.  *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).  Assessing good cause is an equitable matter in which the following factors are relevant: whether the appealing party acted in good faith,

the length of the delay, the cause of the delay, the risk of prejudice to the opposing party, and the potential impact on judicial proceedings. *See Pioneer*, 507 U.S. at 395; *Clark*, 51 F.3d at 44.

The district court held that a "lack of notice to the appropriate person in the Federal Public Defender's Office does not constitute excusable neglect," and that "no explanation has been given as to why Bradley could not file a timely pro se notice of appeal." The court also noted that an appeal would be futile for the reasons given in denying a sentence reduction.

While the FPD apparently acted in good faith to try to preserve Bradley's appeal rights by filing its motion only five days after the appeal period expired, other factors support the district court's ruling. No reason was offered for Bradley's failure to file a pro se notice of appeal, and his pro se status did not excuse him from complying with relevant procedural rules. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Otherwise, the delay resulted from a failure of communication within the FPD's office, which the FPD acknowledges but does not defend or explain. Nothing suggests that Bradley was relying on the FPD to file a notice of appeal, but regardless, "*Pioneer* rejects the notion that excusable neglect can be based on the fact that the default in question was attributable to counsel rather than to the represented party." *Clark*, 51 F.3d at 44 n.6.

While those factors sufficiently show that the district court did not abuse its discretion, we also note that the express language of the relevant legislative acts indicates that an appeal from the denial of Bradley's motion for a sentence reduction would be futile. The First Step Act expressly forbids a court from entertaining a motion to reduce a sentence that was "previously reduced in accordance with . . . sections 2 and 3 of the Fair Sentencing Act." First Step

No. 19-60402

Act § 404(c), 132 Stat. 5194, *quoted in United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019).  Bradley was ineligible for a further reduction because his sentence was reduced in 2012 under § 2 of the Fair Sentencing Act, which reduced the penalties for crimes involving cocaine base.  *See* Fair Sentencing Act § 2, 124 Stat. 2372.  As a result, any prejudice to Bradley resulting from the denial of an appeal would be illusory, while allowing a futile appeal would result in prejudice to the Government and be a waste of judicial resources.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (declining to remand a case for a good-cause determination because allowing an untimely appeal from the denial of a 18 U.S.C. § 3582 motion would be futile).

The district court's order denying an out-of-time appeal is AFFIRMED. *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006) (affirming a district court's sua sponte denial of an extension under Rule 4(b)(4)).