# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30324
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODERICK WIGGINS, also known as Chucky Wiggins, also known as Donald Carson,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-329-8

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Following the denial of his 18 U.S.C. § 3282(c)(2) motion, Roderick Wiggins, federal prisoner # 32305-034, filed an untimely notice of appeal, which was construed by this court as a motion for an extension of time to file a notice of appeal and remanded to the district court for a determination whether Wiggins was entitled to proceed based on excusable neglect or good cause,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30324

pursuant to Federal Rule of Appellate Procedure 4(b)(4). *See United States v. Wiggins,* No. 19-30324 (5th Cir. May 15, 2019). On remand, the district court denied the motion, determining that Wiggins's untimely filing was not due to excusable neglect.

We review the district court's ruling on excusable neglect for an abuse of discretion. *United States v. Clark*, 51 F.3d 42, 43 n.5 (5th Cir. 1995). A district court abuses its discretion by making a legal error or by basing its decision on a clearly erroneous assessment of evidence. *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

On appeal, Wiggins argues that the district court erred in determining the circumstances of his case did not amount to excusable neglect, noting that the Government conceded that the length of delay was minimal and that there was little impact on the proceedings or risk of prejudice as a result. He renews his argument that he is a pro se litigant with no knowledge of the law who did not understand how to proceed after his inmate counsel was transferred and who was only able to file his appeal after securing assistance from a different inmate.

Wiggins's arguments fail to demonstrate that the district court abused its discretion in denying his Rule 4(b)(4) motion. *See Pioneer Investment Services, Co. v. Brunswick Associates*, 507 U.S. 380, 392 (1993); *Clark*, 51 F.3d at 43-44; *see also United States v. Bradley*, 788 F. App'x 989, 990 (5th Cir. 2019). Accordingly, the district court's denial is AFFIRMED, and the appeal is DISMISSED.