# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2022

Lyle W. Cayce
Clerk

No. 21-10107
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DOUGLAS RAY HAMMONDS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1077
USDC No. 4:18-CR-9-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Douglas Ray Hammonds appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion, filed following his guilty-plea conviction of attempting to persuade or entice a child to engage in sexual activity, in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10107

violation of 18 U.S.C. § 2422(b), and his sentence of 235 months in prison. The Government's argument that this appeal should be dismissed for untimeliness is well-taken. *See Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017). According to Hammonds's own statements in his notice of appeal from the district court's January 11, 2021 order, he did not place his notice in the prison mailing system until, at the earliest, January 31, 2021, after the expiration of the appeal period. *See* Fed. R. App. P. 4(b)(1)(A)(i); *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

The district court acted within its discretion in deciding whether Hammonds showed good cause or excusable neglect for his untimely appeal, an issue on which we specifically remanded this matter. *See United States v. Clark*, 51 F.3d 42, 43 n.5 (5th Cir. 1995); *cf. United States v. Quimby*, 636 F.2d 86, 89 (5th Cir. 1981). The district court likewise acted within its discretion when that court found neither good cause nor excusable neglect for Hammonds's untimely appeal in the absence of a supplemental brief from Hammonds, despite the district court's enlargement of the time to file such a supplement and Hammonds's other filings during the relevant time period. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011); *Clark*, 51 F.3d at 43 n.5. To the extent Hammonds now asserts that he was unable to file his supplemental brief because of a lack of access to a law library, conditions at the prison, and his transport to a new facility, the record and his own prior filings undercut these unsupported claims. Hammonds fails to show that the district court abused its discretion in finding his appeal to be untimely without good cause or excusable neglect. *See Clark*, 51 F.3d at 43 n.5.

Because the Government has renewed its challenge to the untimeliness of the notice of appeal, we are bound to enforce this mandatory claim processing rule. *See Manrique*, 137 S. Ct. at 1272; *United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016). The appeal is DISMISSED.