# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20535

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

v.

RICARDO MANUEL RAMOS JUAREZ,

     Defendant – Appellant.

Appeals from the United States District Court
for the Southern District of Texas

Before DENNIS, ELROD, and COSTA, Circuit Judges.

PER CURIAM:

Ricardo Manuel Ramos Juarez filed a late notice of appeal along with a motion for leave to file a late notice of appeal. The district court denied his motion for leave to file a late notice of appeal. He appeals that denial. We affirm and dismiss his original appeal as untimely.

I.

Ramos Juarez, a Mexican citizen, pleaded guilty to illegal reentry after conviction of a felony in violation of 8 U.S.C. § 1326. The district court sentenced him on June 20, 2019. After imposing the sentence, the district court informed Ramos Juarez of his right to appeal:

No. 19-20535

> Now, Mr. Ramos, you have a right to appeal this matter. If you cannot afford a lawyer to represent you on appeal and can satisfy the Court that you meet the criteria for the appointment of counsel, I will appoint a lawyer for you. I'm sure that Mr. Austin [the Assistant Federal Public Defender representing Ramos Juarez] will advise you of your appeal rights, and a copy -- and I will also provide to you this written notice of your appeal rights and a copy of this will be retained in the court file. You may take the other copy with you.

The court then provided Ramos Juarez with a written "NOTICE TO DEFENDANT" that outlined his right to appeal. In relevant part, it stated:

> You have a right to appeal your conviction and the sentence imposed under certain circumstances. 18 U.S.C. § 3742(a).

> A notice of appeal must be filed with the district clerk within fourteen (14) days after the entry of the judgment of conviction or other order from which you want to appeal.

> If you want, the district clerk will prepare and file the notice of appeal for you, but you must make the request during the fourteen (14) day period referred to above.

The district court entered Ramos Juarez's judgment on June 26, 2019. Ramos Juarez filed his notice of appeal from his judgment of conviction and sentence on July 25, 2019—more than fourteen days after the entry of the judgment of conviction. He also filed a motion for leave to file a late notice of appeal. The district court denied Ramos Juarez's motion, finding that, in light of the court's oral and written notice given to him immediately upon the pronouncement of his sentence, any confusion he had regarding his right to appeal did not amount to good cause or excusable neglect to justify an extension of time to file a notice of appeal. Ramos Juarez now appeals that denial and the Government moves to dismiss his original appeal as untimely.

No. 19-20535

## II.

A notice of appeal in a criminal case must be filed within fourteen days of the entry of the order from which the appeal is taken. Fed. R. App. P. 4(b)(1)(A). It is undisputed that Ramos Juarez failed to meet this deadline. Within thirty days after the expiration of the fourteen-day period, a defendant may file a motion for an extension of time in which to file a notice of appeal based upon excusable neglect or good cause. Fed. R. App. P. 4(b)(4). It is this motion that is the subject of this appeal.

We review the district court's denial of the motion to file a late notice of appeal for abuse of discretion. *United States v. Clark*, 51 F.3d 42, 43 (5th Cir. 1995). A district court abuses its discretion when it bases its ruling "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Dawson v. United States*, 68 F.3d 886, 895–96 (5th Cir. 1995) (internal quotation marks omitted).

## III.

Ramos Juarez contends that the district court abused its discretion in denying his motion for leave because he demonstrated either excusable neglect or good cause for untimely filing his notice of appeal. We disagree.

In his two-sentence motion before the district court, Ramos Juarez states only that he "was confused about his right to appeal his sentence rather than appeal his conviction or both" and that "good cause has been shown due to the confusion of Mr. Ramos-Juarez's rights." The district court, though, immediately after imposing Ramos Juarez's sentence, orally advised him of his right to appeal and of his right to counsel on appeal; expressed confidence that his present counsel, an Assistant Federal Public Defender, would advise him of his appeal rights; and signed and gave to Ramos Juarez a written notice of his appeal rights.

No. 19-20535

We thus have no trouble concluding that the district court did not abuse its discretion here, and none of the arguments advanced by Ramos Juarez in his brief persuades us otherwise. *See Clark*, 51 F.3d at 44 ("[N]oticing an appeal here required nothing unusual or difficult . . . and whatever confusion [the defendant] may have suffered because of these rules, we clearly cannot say that his confusion mandates a finding of excusable neglect as a matter of law."); *see also Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (explaining in the civil context that where "the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable").

## IV.

For the foregoing reasons, we AFFIRM the district court's denial of Ramos Juarez's motion for leave to file a late notice of appeal and DISMISS the appeal of his conviction and sentence as untimely.