# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2024

Lyle W. Cayce
Clerk

————————

No. 23-60068

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO WILEY,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:22-CR-33-1

_____

Before JONES, HAYNES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Antonio Wiley pled guilty to a drug offense and failed to file a timely notice of appeal. When Wiley asked the district court for permission to file a late notice of appeal, the district court denied his request. Wiley now appeals. Finding no error or abuse of discretion, we AFFIRM.

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-60068

## I. Background

Wiley pled guilty to one count of abetting the distribution of methamphetamine in excess of fifty grams. The district court advised Wiley of his right to appeal the sentence the court would later impose. The district court eventually sentenced Wiley to seventy months of imprisonment, followed by three years of supervised release. The district court again advised Wiley of his right to appeal his sentence. The district court entered a judgment on December 15, 2022.

Wiley had until December 29 to appeal his sentence by filing a notice of appeal. FED. R. APP. P. 4(b)(1)(A). But neither he nor his trial counsel, Whitman Mounger,[1] filed a notice of appeal by that date.

Instead, on January 22, 2023, twenty days *after* the filing deadline, Wiley filed a notice of appeal and a motion for an extension to file a notice of appeal. That notice and motion were filed by Susan Clouthier, his newly retained counsel.

The district court denied Wiley's motion without prejudice because Wiley's reason for the delay weighed against a finding of excusable neglect. In so doing, the court found that Wiley failed to explain why Mounger, who was Wiley's counsel before and at the time the appeal deadline expired, could not have filed a timely notice of appeal.

Wiley then renewed his motion for an extension of time, making the same arguments he raised in the previous motion. The court held an evidentiary hearing on Wiley's renewed motion. After hearing argument from Wiley's new counsel, along with testimony from Wiley, Wiley's mother, and

---

[1] Mounger did not move for leave to withdraw as Wiley's counsel until January 24, 2023. The magistrate judge granted Mounger's motion on January 31, 2023.

Mounger, the district court denied Wiley's renewed motion from the bench. Once again, the district court found that all factors, except Wiley's reason for delay, weighed in favor of granting his motion. But because Wiley failed to provide an adequate explanation for failing to file a timely notice of appeal, the court declined to find excusable neglect and denied the renewed motion.

## II. Discussion

A notice of appeal in a criminal case must be filed within fourteen days of the entry of the judgment or order being appealed. FED. R. APP. P. 4(b)(1)(A)(i). But Rule 4 allows the district court to permit a party to file a late notice of appeal "[u]pon a finding of excusable neglect or good cause." FED. R. APP. P. 4(b)(4). Should the district court find excusable neglect or good cause, it may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the" fourteen days following the entry of the judgment or order being appealed. *Id.*

This court "review[s] the district court's denial of [a] motion to file a late notice of appeal for abuse of discretion." *United States v. Ramos Juarez*, 960 F.3d 709, 711 (5th Cir. 2020).

### A.

Wiley first argues that because his failure to file a timely notice of appeal was due to excusable neglect, the district court abused its discretion in denying his request to file a late notice. In determining whether a party's failure was caused by excusable neglect, a court should consider: (1) "the danger of prejudice to" the appellee; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates*

*Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993)) (quotations omitted).

The district court found that the first, second, and fourth factors weighed in favor of granting Wiley's request. But the third factor did not; Wiley had not supplied an adequate reason for not filing a timely notice of appeal. Because Wiley failed to satisfy this factor, the district court declined to find excusable neglect.

Wiley still offers no reasonable explanation for missing the deadline. Wiley knew he had a right to appeal on the date the district court entered judgment. Mounger remained his counsel during the fourteen days after the district court entered judgment. Yet Wiley failed to ask Mounger to file a notice of appeal, even though Mounger would have done so if Wiley had simply asked him. In fact, Wiley did not even attempt to contact Mounger until January 10, twelve days *after* the deadline to file a timely notice of appeal had passed. In short, Wiley could have, but did not file a timely notice of appeal.

Wiley nevertheless contends his medical issues and the holiday season made it difficult for him to retain appellate counsel. But that argument ignores the fact that Mounger remained Wiley's counsel during the crucial period following entry of judgment, and Mounger would have filed the notice of appeal for Wiley, regardless whether he later worked on the appeal. In fact, Mounger testified that although he typically does not do appeals, if Wiley had expressed an interest in filing an appeal, he would have sought appellate counsel. Moreover, Mounger testified he would have filed the

No. 23-60068

notice of appeal *before* referring Wiley to appellate counsel.  Wiley's first argument is, therefore, unpersuasive.[2]

Wiley's second argument fares no better.  Wiley implies he failed to file a timely appeal because Mounger had told him that "there was no need to appeal, as [Wiley] had no grounds to appeal."  This argument misrepresents the testimony offered during the evidentiary hearing.  To be sure, Wiley's *mother* testified that Mounger said "there was no need to appeal."  But Wiley testified that it was Mounger's *wife* who told him he lacked grounds for an appeal, and that Wiley never discussed filing an appeal with Mounger.[3]  Wiley also testified that he understood Mounger's wife was not his lawyer.

Second, whatever Mounger's wife might have told Wiley about his odds of success on appeal was irrelevant to filing a *timely* appeal.  Indeed, Wiley's conversation with Mounger's wife took place thirteen days *after* the deadline had passed.  Mounger's wife's comments are of no moment.

Finally, Wiley argues the district court abused its discretion in denying his renewed motion because the government did not oppose it.  But "a court is not required to grant every unopposed motion." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).  Although the

---

[2] Wiley argues this court's decisions in *Brewen v. United States*, 375 F.2d 285 (5th Cir. 1967), and *Bunn v. United States*, 369 F.2d 809 (5th Cir. 1966) (per curiam), support his argument that the district court should have granted his request to file a late notice of appeal.  In *Brewen*, we reversed a district court's denial of an appellant's request to file an untimely appeal because the district court improperly assumed the appellant had retained counsel capable of filing an appeal. *See* 375 F.2d at 288–89.  Similarly, in *Bunn*, we held "the filing of notice of appeal was extended by reason of [the defendant's] having no counsel available at the time the notice of appeal was required to be filed in the district court."  369 F.2d at 810.  These cases are inapplicable, however, because Wiley did not lack counsel capable of filing a timely notice of appeal.

[3] Mounger corroborated Wiley's testimony.

5

government took no position on Wiley's renewed motion, the government's lawyer called Mounger as a witness during the evidentiary hearing, elicited testimony unfavorable to granting Wiley's renewed motion, and made arguments against granting the renewed motion. Thus, the government's position on the renewed motion—or lack thereof—does not demonstrate the district court abused its discretion in denying the motion.

Because Wiley failed to offer an adequate explanation for his failure to comply with Rule 4, the district court did not abuse its discretion in finding an absence of excusable neglect.

## B.

Wiley alternatively contends that the court erred by failing to consider whether "good cause" justified his failure to file a timely appeal separately from whether excusable neglect did. Rule 4(b)(4) provides, "[u]pon a finding of excusable neglect *or* good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal . . . ." FED. R. APP. P. 4(b)(1) (emphasis added). Based on Rule 4's text, Wiley contends "excusable neglect" and "good cause" are separate inquires. This argument, raised for the first time on appeal, is forfeited for failure to assert it to the district court not once, not twice, but three times.[4]

Moreover, Wiley does not explain how his renewed motion would have succeeded under a "good cause" standard, even if it failed to cross an "excusable neglect" threshold. Wiley asserts the "good cause" standard is more lenient than the "excusable neglect" standard, but in patent

---

[4] Specifically, Wiley failed to make this argument in his initial motion, his renewed motion, and during the evidentiary hearing, at which the district court entertained argument from Wiley's new counsel.

contradiction, he contends the factors used to assess "good cause" are the *same* as those underlying "excusable neglect." Attempting to separate "good cause" from "excusable neglect" does not advance Wiley's position.

C.

Finally, Wiley argues the district court abused its discretion by denying his renewed motion for a reason not permitted under the law. He quotes the evidentiary hearing, during which the district court stated:

> [I]f this Court allowed a defendant who missed a deadline to come forward with the evidence that has been forwarded here, presented in this courtroom today and on these papers an extension, everyone would request one. And that is not what the Court is going to allow. You have got to show excusable neglect. And to me, the important factor about the reason for the delay, it has not been established here to the Court's satisfaction.

Based on this statement, Wiley claims that the district court denied his request to file a late notice of appeal to deter future litigants from not complying with Rule 4. He argues that in this respect, the district court abused its discretion because neither Rule 4 nor *Clark* includes "deterrence" as a factor a court may consider when deciding a motion to file a late notice of appeal.

Wiley misinterprets the district court's statement. In fact, the district court was merely saying what Rule 4 commands: a district court may not grant a party permission to file a late notice of an appeal simply because he requests it and offers reasons in support of granting his request. Rule 4 demands more. That means the district court must find excusable neglect or good cause to grant a party's request to file a late notice of appeal. FED. R. APP. P. 4(b)(4). In simply stating that Wiley's arguments did not fulfill

No. 23-60068

Rule 4 and basing its decision on Rule 4's requirements, the district court did not abuse its discretion.

The district court's judgment is AFFIRMED.